**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Rolan Gibson and John Hawkins, Jr.,     ) | |
|     ) | |
| Plaintiffs,     ) | |
|     ) | |
|     ) | No. 06-0551 (ESH) |
| United State of America,     ) | |
|     ) | |
| and     ) | |
|     ) | |
| District of Columbia,     ) | |
|     ) | |
| Defendants.     ) | |
| _____) | |

## ANSWER AND AFFIRMATIVE DEFENSES

The United States of America, by and through the United States Attorney for the District of Columbia, answers Plaintiff's complaint as follows:

1.    This paragraph consists of plaintiffs' jurisdictional statement and characterization of this action to which answers are not required; to the extent that the sentence is deemed to contain allegations of fact as against the federal defendant, they are denied.

2.    Admit.

3.    Federal defendant admits plaintiff Rolan Gibson filed an administrative claim with the Department of Interior by filing a Form 95 pursuant to 28 U.S.C. §2675(a) on June 14, 2005 which was denied on October 27, 2005, and that plaintiff John Hawkins, Jr. filed an administrative claim with the Department of the Interior by filing a Form 95 pursuant to 28 U.S.C. §2675(a) on July 7, 2005, which was denied on October 27, 2005, but avers that it is without knowledge or information sufficient to form a belief as to the truth or accuracy of the remainder of the paragraph.

4.    This paragraph consists of plaintiffs' conclusions of law which requires no response, but to the extent a response is deemed required, it is denied.

5.    Federal defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegation contained in this paragraph and therefore it is denied.

6.    Federal defendant herein incorporates by reference its responses to paragraphs 1 through 5.

7.    Admit.

8.    Deny.

9.    Federal defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegation contained in this paragraph and therefore it is denied.

10.    Deny.

11.    Federal defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegation contained in this paragraph and therefore it is denied.

12.    Federal defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegation contained in this paragraph and therefore it is denied.

13.    Federal defendant admits that the vehicle driven by Officer Houghton approached and entered the intersection at 61st Street and Clay Street, NE, in Washington, D.C., but denies the remainder of the paragraph.

14.    Federal defendant admits the allegations in this paragraph to the extent that Vehicle 2

refers to the vehicle operated by Metropolitan Police Officer Marvin Watkins.

15. Federal defendant admits the vehicle operated by the Metropolitan Police Department collided with the vehicle operated by U.S. Park Police Officer Houghton, but is without knowledge or information sufficient to form a belief as to the truth or accuracy of the remainder of this paragraph and it is therefore denied.

16. Denied.

17. Federal defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegation contained in this paragraph and therefore it is denied.

18. Federal defendant herein incorporates by reference its responses to paragraphs 1 through 17.

19. Federal defendant admits that Officer Houghton, in operating a government vehicle, was responsible for operating his vehicle with reasonable care under circumstances presented to him.  Federal defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegation contained in the remainder of the paragraph and therefore it is denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25.     This paragraph consists of plaintiffs' conclusions of law which requires no response, but to the extent a response is deemed required, it is denied.

26.     Federal defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegation contained in this paragraph and therefore it is denied.

27.     Federal defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegation contained in this paragraph and therefore it is denied.

28.     Federal defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegation contained in this paragraph and therefore it is denied.

29.     Federal defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegation contained in this paragraph and therefore it is denied.

30.     Federal defendant herein incorporates by reference its responses to paragraphs 1 through 29.

31.     Denied.

32.     Denied.

33.     Federal defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegation contained in this paragraph and therefore it is denied.

The remainder of the complaint contains plaintiffs' prayer for relief and demand for a jury trial, to which no response is required. To the extent the Court deems a response required, defendant denies that plaintiff is entitled to any of his requested relief, or any relief whatsoever. Additionally, plaintiff is not entitled to a jury trial under the Federal Tort Claims Act.

**AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims here are barred by his assumption of the risk.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims here are barred because Federal defendant was not the proximate cause of plaintiff's injuries.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims here are barred by intervening and/or superseding causes.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' recovery is limited to the damages recoverable under the Federal Tort Claims Act. Pursuant to 28 U.S.C. § 2675(b), Plaintiffs are prohibited from claiming or recovering an amount against the Defendant in excess of the amount Plaintiffs set forth in the administrative claims presented to the Government.

### SIXTH AFFIRMATIVE DEFENSE

Attorney's fees are only recoverable as part of a judgment and not in addition thereto pursuant to 28 U.S.C. § 2678.

## SEVENTH AFFIRMATIVE DEFENSE

Pursuant to 28 U.S.C. § 2674, Plaintiffs are proscribed from recovering any amount for pre-judgment interest against the Federal Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to a jury trial pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2402.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to punitive damages pursuant to 28 U.S.C. § 2674.


Federal defendant reserves the right to raise any and all affirmative defenses available under Fed. R. Civ. P. 8(c).

## <u>CROSS-CLAIM OF DEFENDANT THE UNITED STATES OF AMERICA</u>

COMES NOW the Defendant, the United States of America, by and through its undersigned attorneys, and files this Cross-Claim against Defendant, District of Columbia, and alleges:

1.      Plaintiffs have filed this action against the United States of America and the District of Columbia, alleging that they sustained personal injuries in a motor vehicle accident which occurred on or about December 8, 2004, at the intersection of 61st Street and Clay Street, NE, Washington, D.C.

2.      Plaintiffs allege that this accident, and Plaintiffs' alleged injuries, were caused by the negligence of the driver of a vehicle owned by the United States of America and operated by an employee of the United States Park Police and by the negligence of the driver of a vehicle owned by the District of Columbia and operated by an employee of the Metropolitan Police Department.

3.     The Federal defendant denies any negligence, and alleges that this accident, and Plaintiffs' alleged injuries, were proximately caused by, or contributed to, by the negligence of the Metropolitan Police Department employee.

4.     The Metropolitan Police Department employee involved in the December 8, 2004 motor vehicle accident at the intersection of 61st Street and Clay Street, NE, Washington, D.C., was not authorized by the Metropolitan Police Department on-scene supervisor to operate his vehicle with its emergency equipment activated in response to the pursuit of a black Jeep Cherokee being pursued by the United States Park Police.

5.     The Metropolitan Police Department employee involved in the December 8, 2004 motor vehicle accident at the intersection of 61st Street and Clay Street, NE, Washington, D.C., operated his vehicle as an emergency vehicle in response to the pursuit led by the U.S. Park Police, in direct violation of an order given by the Metropolitan Police Department on-scene supervisor.

6.     The Metropolitan Police Department employee involved in the December 8, 2004 motor vehicle accident at the intersection of 61st Street and Clay Street, NE, Washington, D.C., did not exercise due care, in entering the intersection of 61st Street and Clay Street NE, and his negligence was therefore the proximate cause of the motor vehicle accident.

7.     The Metropolitan Police Department employee involved in the December 8, 2004 motor vehicle accident at the intersection of 61st Street and Clay Street, NE, Washington, D.C., was traveling in excess of the posted speed limit, did not exercise due care in entering the intersection of 61st Street and Clay Street, NE, Washington, D.C., and did not yield to the U.S. Park Police vehicle that was already in the intersection.

8.     The Metropolitan Police Department employee involved in the December 8, 2004 motor vehicle accident at the intersection of 61st Street and Clay Street, NE, Washington, D.C., gave

incorrect information in the Metropolitan Police Department accident report, indicating that the United States Park Police vehicle struck the Metropolitan Police Department vehicle first, evidence of which is not supported by the documentation and photographic evidence of the accident.

9.    The Metropolitan Police Department employee involved in the December 8, 2004 motor vehicle accident knowingly gave these false statements in an effort to avoid administrative discipline for disobeying a supervisor's order to stay away from the United State Park Police pursuit and not operate his vehicle with emergency equipment activated.

WHEREFORE, Defendant, the United States of America seeks indemnity and contribution for any adverse judgment rendered against it either as sole defendant or as part of a joint and several liability, related to the case Rolan Gibson et.al. v. United States et.al., CIV: 06-551 (ESH), plus interest and costs.

June 28, 2006                          Respectfully submitted,

                                       _____/s/_____
                                       KENNETH L. WAINSTEIN, D.C. Bar # 451058
                                       United States Attorney

                                       _____/s/_____
                                       RUDOLPH CONTRERAS D.C. Bar No.  434122
                                       Assistant United States Attorney

                                       _____/s/_____
                                       ERIC J. JANSON
                                       Special Assistant United States Attorney
                                       555 4th Street, N.W., Rm. E4417
                                       Washington, DC 20530

OF COUNSEL:
Perri S. Rothemich, Attorney-Adviser
U.S. Department of the Solicitor
Office of the Solicitor
Division of General Law
1849 C Street, N.W.
Washington, D.C. 20240

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 28, 2006, a true and correct copy of the foregoing

Answer, was served under the Court's ECF system and via first class mail, postage prepaid to:

> Joel DuBoff, Esq.
> Donna Williams Rucker, Esq.
> DuBoff & Associates, Chartered
> 8401 Colesville Road, Suite 501
> Silver Spring, MD 20910
>
> Office of the Attorney General for the District of Columbia
> 1350 Pennsylvania Avenue, N.W., Room 409
> Washington, D.C.  20004

_____/s/_____
Eric J. Janson
Special Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-9150 (telephone)
(202) 514-8780 (facsimile)
Eric.Janson@usdoj.gov