# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **ROLAN GIBSON,** *et al.,* | ) | |
| **Plaintiffs,** | ) | **C.A. No. 06-0551 (ESH)** |
| **v.** | ) | |
| **DISTRICT OF COLUMBIA.** *et al.,* | ) | |
| **Defendants.** | ) | |

## DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO DISMISS

Defendant District of Columbia, through undersigned counsel and pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, moves to dismiss the instant complaint because service of process was ineffective.[1]  Supporting this motion is an attached memorandum of points and authorities.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

Nicole L. Lynch  [471953]
Section Chief
General Litigation, Section II

---

[1]    By filing this motion, the Defendant is not waiving its right to move to dismiss and/or for summary judgment if service is effected, or deemed effected.

Julie Lee [433292]
Senior Assistant Attorney General
General Litigation, Section II
Civil Litigation Division
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C.
(202) 724-6602; (202) 724-3625
Julie.Lee@dc.gov

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ROLAN GIBSON,** *et al.*, | ) |
| | ) |
| **Plaintiffs,** | )        **C.A. No. 06-0551 (ESH)** |
| | ) |
| **v.** | ) |
| | ) |
| | ) |
| **DISTRICT OF COLUMBIA.** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT DISTRICT OF
COLUMBIA'S MOTION TO DISMISS**

On March 22, 2006, Plaintiffs filed the above-captioned matter against the District of Columbia and the United States of America.  Plaintiffs allege that, on December 8, 2004 at the intersection of 61st and Clay Street, N.E., Washington, D.C., their vehicle was struck by two vehicles driven negligently by members of the U.S. Park Police and the Metropolitan Police Department, respectively.

On June 1, 2006, Plaintiffs filed two Proofs of Service attesting that the summons and complaint were served on the Mayor of the District of Columbia (the "Mayor") and the Office of the Attorney General ("OAG").  The Proof of Service on OAG, *Exhibit #1, Plaintiffs' Proof of Service on OAG and Attached Return Receipt*, states that service was effected on May 3, 2006, but does not state in what manner service was effected.  Instead, it suggests a mailing, certified and restricted delivery, addressed to Darlene Fields, Tonia

3

Robinson or Gale Rivers.  At the time of the alleged service of process, all three were designated to accept service of process on behalf of the Attorney General.

In support of Plaintiffs' Proof of Service on OAG, Plaintiffs attached what appears to be a return receipt for mail (Article No. 7002 3150 0004 3963 7688) addressed to Darlene Fields, Tonia Robinson or Gale Rivers.  The return receipt is dated May 2, 2006 and is not signed by Fields, Robinson or Rivers.  The return receipt is not addressed to the Attorney General, Robert Spagnoletti, Esq.  Instead, it is addressed to OAG.  The return receipt does not state that the Attorney General should be served.

Plaintiffs' Proof of Service on the Mayor, *Exhibit #2, Plaintiffs' Proof of Service on  the Mayor and Attached Return Receipt*, states that service was effected on May 3, 2006, but does not state in what manner service was effected.   Instead, it suggests a mailing, certified and restricted delivery, addressed to Tabatha Braxton and Gladys Herring.  Both were the Mayor's service designees at the time of the alleged service of process.

In support of Plaintiffs' Proof of Service on the Mayor, Plaintiffs attached what appears to be a return receipt for mail addressed to Tabatha Braxton and Gladys Herring.  Neither Braxton, *Exhibit #3, Affidavit of Tabatha Braxton,* nor Herring[2] signed the return receipt.  Moreover, the return receipt is not dated.

On May 26, 2006, undersigned counsel spoke with Plaintiffs' counsel initially to obtain consent for an extension of time to respond to the complaint.  During that conversation, Plaintiffs' counsel acknowledged that service had not been made on the

---

[2]     The signature does not read Gladys Herring or Tabatha Braxton.  Ms. Herring is no longer employed with the District of Columbia effective last Friday.  Effective 7/5/06, the new designees for service of process on the Mayor are Tabatha Braxton, Arlethia Thompson, and Kadesha Washington.

Mayor's designated representative and tried to extract an agreement that the Defendant would not challenge service in exchange for consent to an enlargement of time to respond to the complaint.  The Defendant declined to enter into such an agreement and advised Plaintiffs' counsel that Plaintiffs should effect lawful service [3]  The Defendant later confirmed that service had not been effected on the Mayor or the Attorney General, and that affidavits of service had not been filed.[4]

### *Argument*

Pursuant to Federal Rule of Civil Procedure 4(j), service on the District of Columbia is valid only if made on the Mayor, or in accord with local rules of the District of Columbia.   The relevant local rule, Superior Court Rule 4(j), provides that service on the District of Columbia is effective when made on the Mayor, or the Mayor's designee for receipt of service of process, and on the Attorney General, or the Attorney General's designee for receipt of service of process.[5]

---

[3]      Plaintiffs attempted to create service on OAG by sending a May 12, 2006 letter to Darlene Fields in which Plaintiffs' counsel memorialized an alleged statement by Darlene Fields that the complaint had been "served."  *Exhibit #4, May 12, 2006 letter to Darlene Field.*    The letter also contained the following statement:  "Whoever is assigned on your staff should give me a call but should of course know that as you stated the 20 days to answer is coming up."  Neither counsel statements, nor the alleged statements of Darlene Fields, constitutes lawful service of process, or a waiver of service.  Moreover, Plaintiffs' counsel did not alert undersigned counsel to this alleged contact during their March 26, 2006 conversation.  When undersigned counsel received the letter via mail on May 26, 2006, after the phone conversation with Plaintiffs' counsel, she responded by advising Plaintiffs that, notwithstanding the letter to Ms. Fields, Plaintiffs should effect lawful service of the complaint and/or file an affidavit of service.  *Exhibit #5, May 26, 2006 letter to Joel Duboff, Esq.*

[4]      Undersigned counsel received a telephone message from Plaintiffs' counsel on or about June 29, 2006 acknowledging receipt of undersigned counsel's May 26, 2006 letter and advising that Plaintiffs had filed affidavits of service.  Plaintiffs also advised that an Initial Status conference had been set, and that a Rule 16.3 statement needed to be filed.  Because of the Defendant's challenge to service, it requests a stay of discovery pending the court's decision on this motion. Counsel for the United States also indicated an agreement with the Plaintiffs to engage in Alternate Dispute Resolution.  The Defendant also requests that this effort  be stayed pending resolution of  this motion.

[5]      At the time of the alleged service, and in accord with SCR Civ 4(j). the Mayor and the Attorney General had designated Tabatha Braxton and Gladys Herring, and Darlene Fields, Gale Rivers and Tonia Robinson, respectively, to receive service on process on their behalves

In the case of *Eldridge v. District of Columbia*, 866 A.2d 786 (D.C. 2004), the Court of Appeals addressed the issue of whether service on the Mayor and the Attorney General "is complete when a complaint is sent by certified mail and signed for as 'received' by anyone in their respective offices." *Id.* at 787. The trial court in *Eldridge* concluded that it was not, finding that, "while service . . . can be effected by mail, it is clear that a properly designated employee is required to sign for [the] complaint, summons and initial order on behalf of the Mayor and the . . . Corporation Counsel . . ." *Id.* (quoting opinion of the trial court).

The Court of Appeals, in affirming the decision of the trial court, observed:

> As an institutional defendant, the District of Columbia is subject to many lawsuits. The Mayor and the Corporation Counsel must be put on notice when a lawsuit is filed against the District, and Super. Ct. Civ. R. 4(j)(1) provides the manner by which a plaintiff can satisfy this requirement. In their official capacities the Mayor and the Corporation Counsel receive an enormous amount of mail. Super. Ct. Civ. R. 4(j)(1) serves as a filter on this mail and assures that when an individual seeks to initiate a suit against the District, the required papers will get to the proper destination. The flaw in appellant's argument is that, although the complaint was mailed to the Office of the Mayor and the Office of the Corporation Counsel and signed for by employees in those respective offices, they were not, however, signed for and received by the specific employees designated to receive service of process. This court, therefore, concludes that appellant did not effect proper service of process upon the Mayor or the Corporation Counsel in accordance with the strictures of Super. Ct. Civ. R. 4(j)(1).

*Id.*

In the instant case, Plaintiffs have not effected service on the District of Columbia Mayor, the Attorney General, or their respective designees. Plaintiffs knew the identities of the individuals designated to receive service on behalf of the Mayor and the Attorney General. Plaintiffs declined to effect service directly and, instead, relied on ambiguously addressed mailings apparently delivered to employees not designated to receive service

for the Mayor or the Attorney General.[6]   Moreover, the Plaintiffs were on notice of the

defects in their purported service, i.e., that the designated representatives were not

personally served, that the Attorney General mailing was not addressed to the Attorney

General or directed for service to him, and that the return receipt for the alleged mailing

to the Mayor's designated representative(s) is undated, and simply have declined to effect

service in accord with the rules.

        For the foregoing reasons, the Defendant requests that Plaintiffs' complaint be

dismissed with prejudice.

                            Respectfully submitted,

                            ROBERT J. SPAGNOLETTI
                            Attorney General for the District of Columbia


                            GEORGE C. VALENTINE
                            Deputy Attorney General
                            Civil Litigation Division


                            _____
                            NICOLE L. LYNCH (471953)
                            Chief, Section II


                            _____
                            JULIE LEE [433292]
                            Senior Assistant Attorney General
                            General Litigation, Section II
                            Civil Litigation Division
                            441 Fourth Street, N.W.
                            Sixth Floor South
                            Washington, D.C. 20001
                            (202) 724-6602(o); (202) 727-3625(f)
                            Julie.Lee@dc.gov

---

[6]        Defendants note that the AG's mailing was not even addressed to him.

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ROLAN GIBSON,** *et al.,* | ) |
| | ) |
|     **Plaintiffs,** | )    **C.A. No. 06-0551 (ESH)** |
| | ) |
|     **v.** | ) |
| | ) |
| | ) |
| **DISTRICT OF COLUMBIA.** *et al.,* | ) |
| | ) |
|     **Defendants.** | ) |
| | ) |

## <u>ORDER</u>

Upon motion of the District of Columbia for dismissal of the instant action, and

the entire record herein and for good cause shown, it is this _____ day of  July 2006,

ORDERED, that the Defendant's motion is granted, and it is further

ORDERED, that this case is dismissed with prejudice.

 

 

_____
Judge Ellen Segal Huvelle