**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

Rolan Gibson and John Hawkins, Jr.,    )
                                        )
            Plaintiffs,                 )
                                        )
                                        )    No. 06-0551 (ESH)
United State of America,                )
                                        )    **ECF**
and                                     )
                                        )
District of Columbia,                   )
                                        )
            Defendants.                 )
_____     )

**JOINT MEET AND CONFER STATEMENT**

Pursuant to Local Civil Rule 16.3 and Federal Rules of Civil Procedure 26(f), Plaintiffs

and Federal Defendant met and conferred by telephone, and hereby submit this Joint Report[1].

**1.    Likelihood This Case Will Be Disposed Of By Dispositive Motion**

Plaintiff's position:  Plaintiff does not believe that this case will be disposed of by

dispositive motion.

Federal Defendant's position:  The United States anticipates that it may file a dispositive

motion following the close of discovery.

**2.    Date For Joining Other Parties**

The parties do not anticipate joining additional parties.

_____

[1] Counsel for the District of Columbia was contacted to confer on this Joint Meet and Confer Statement, but was unwilling to do so at this time because of an alleged insufficiency of service of process of the Complaint.

**3.      Assignment To A Magistrate Judge**

The parties agree that this case should not be assigned to a Magistrate Judge for all purposes.

**4.      Possibility Of Settlement**

The Federal Defendant believes that it is premature to determine whether there is the possibility of settlement at this time, but will reevaluate its position as the case progresses. Plaintiff is open to settlement at any stage of litigation.

**5.      Alternative Dispute Resolution**

Plaintiff's position:  Plaintiff believes that this case will benefit from ADR.

Federal Defendant's position:  Defendant believes that it is premature to determine whether or not this case will benefit from ADR, but will reevaluate this position as the case progresses.

**6.      Dispositive Motion Schedule**

The parties agree that, if filed, dispositive motions should be due 30 days after the close of discovery, oppositions filed 20 days thereafter, and replies filed 15 days after oppositions.

**7.      Initial Disclosures**

The parties agree that initial disclosures should be made in accordance with the Federal Rules of Civil Procedure.

**8.      Discovery**

The parties agree that discovery should begin with the issuance of a Scheduling Order and end 180 days thereafter, and that the limits imposed by the Federal Rules of Civil Procedure should not be altered.

9.      **Expert Reports**

The parties agree that plaintiff shall make all 26(a)(2) disclosure 90 days prior to the close

of discovery and defendant shall make all 26(a)(2) disclosures 60 days prior to the close of

discovery.  Experts may be deposed up to the close of discovery.

10.     **Class Actions**

This topic is not applicable to this case.

11.     **Bifurcation Of Trial Or Discovery**

The parties agree that bifurcation is not necessary in this action.

12.     **Pretrial Conference Schedule**

The parties agree that the Court should set a status conference following the close of

discovery.

13.     **Trial Date**

The parties agree that the Court should set a trial date at the pretrial conference.

14.     **Other Matters**

None.

## STATEMENTS OF THE CASE

### A.    Plaintiff's Statement of the Case

This is a motor vehicle/personal injury claim.  The Plaintiffs' were stopped at a stop at

61st Street at the intersection with Clay Street, N.E., in Washington, D.C. when a United States

Park Police vehicle [Vehicle 1] and a Metropolitan Police Department vehicle [Vehicle 2]

collided in the intersection. Vehicle 1 and Vehicle 2 each approached and entered the intersection

with excessive speed and careless disregard for the safety of other individual in the vicinity.

Vehicles 1 and 2 collided with such force they both subsequently struck the vehicle in which the

Plaintiffs' were lawfully stopped.  Plaintiffs' were injured, transported by ambulance and

required follow-up hospital, medical care and treatment.  Plaintiffs' suffered severe emotional

distress, due to actions of the Defendants.

Defendants, by and through their employees who were acting within the course of and in

the scope of their employment, were jointly and severally negligent in causing the automobile

crash, which occurred on December 8, 2004, involving a U.S. Park Police vehicle driven by a

Park Police Officer and a Metropolitan Police Officer driving a Metropolitan Police Department

vehicle.

Under the theory of *Respondeat Superior*, the defendant United States is responsible for

the acts or omissions of their employees, agents, police officers, and/or contractors while acting

within the course and scope of their employment, to wit the Park Police and those employed

thereby. Therefore this action is brought against the defendant United States of America under

said theory.

4

Under the theory of *Respondeat Superior*, the defendant District of Columbia

Government is responsible for the acts or omissions of their employees, agents, Metropolitan

Police Department officers, and/or contractors while acting within the course and scope of their

employment, to wit the Metropolitan Police Department and those employed thereby. Therefore

this action is brought against the defendant District of Columbia Government under said theory.

### B.     Federal Defendant's Statement of the Case

This case arises under the Federal Tort Claims Act.  Federal Defendant denies that the

accident at issue was caused by the negligence of the United States.  Instead, Plaintiff's injuries

were proximately caused by the negligence of Defendant - the District of Columbia.  The

Defendant / Metropolitan Police Department employee involved in the December 8, 2004 motor

vehicle accident at the intersection of 61st Street and Clay Street, NE, Washington, D.C., was not

authorized by the Metropolitan Police Department on-scene supervisor to operate his vehicle

with its emergency equipment activated in response to the pursuit of a black Jeep Cherokee being

pursued by the United States Park Police.  In addition, the Metropolitan Police Department

employee was traveling in excess of the posted speed limit, did not exercise due care in entering

the intersection of 61st Street and Clay Street, NE, Washington, D.C., and did not yield to the

U.S. Park Police vehicle that was already in the intersection.

July 11, 2006                                Respectfully submitted,

                                              _____/s/_____
KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney

                                      _____/s/_____

RUDOLPH CONTRERAS D.C. Bar No.  434122
Assistant United States Attorney

5

_____/s/_____                _____/s/_____
JOEL L. DUBOFF                                ERIC J. JANSON
D.C. Bar No. 01863                            Special Assistant United States Attorney
DuBoff & Associates, Chartered                555 4th Street, N.W., Rm. E4417
8401 Colesville Road, Suite 501               Washington, DC 20530
Silver Spring, MD 20910                       (202) 514-9150 (telephone)
(301) 495-3131 (telephone)                    (202) 514-8780 (facsimile)
(301) 587-1872 (facsimile)


Counsel for Plaintiff                         Counsel for Defendant