IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| **ROLAN GIBSON, et al.** | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | |
| | * | Case No. 1:06CV00551 |
| **UNITED STATES OF AMERICA** | * | Judge: Ellen Segal Huvelle |
| | * | |
| and | * | |
| | * | |
| **DISTRICT OF COLUMBIA** | * | |
| **GOVERNMENT** | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFFS' OPPOSITION TO DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO DISMISS AND PLAINTIFFS' REQUEST FOR SANCTIONS OR IN THE ALTERNATIVE ADDITIONAL TIME TO SERVE THE DISTRICT OF COLUMBIA**

Plaintiffs Roland Gibson and John Hawkins by and through Joel DuBoff, Esquire and DuBoff & Associates, Chartered pursuant to all applicable rules of this Court, respectfully submits to this Honorable Court, an Opposition to Defendant District of Columbia's Motion to Dismiss, and Plaintiffs' Request for Sanctions or in the Alternative Additional Time to Serve the District of Columbia and for cause further states as follows:

1. Plaintiffs' served the District of Columbia by certified restricted delivery U.S. Mail that specifically required the designated individuals to sign for receipt. However, despite all appropriate actions taken by Plaintiffs' the District of Columbia failed to comply with the Mayor's Order that directs mail of this sort to be signed for only by the designated individuals (See attached Order and memorandum).

2. Plaintiffs' paid for restricted delivery although this is not required in order to assure that there would be no problem with service on the Mayor's Office. The green card,

which was returned to the Plaintiffs, held a signature that apparently was not one of the restricted signatures designated or called for by the restricted service sent by the Plaintiffs.

3. Plaintiffs' also paid for restricted delivery certified mail, on the Office of the Attorney General to ensure that there would be proper service. The green card, which was returned to the Plaintiffs, held a signature that apparently was not one of the restricted signatures designated or called for by the restricted service sent by the Plaintiffs.

4. There is no dispute that the restricted mail was in fact ultimately received by Ms. Darlene Fields, one of the designated individuals in the Office of the Attorney General.[1]

5. Given the facts that Plaintiffs served both the Mayor's Office and the Office of the Attorney General by Certified Restricted Delivery U.S. Mail in order to guarantee that the Mayor's Orders were followed strictly. It was the Defendant District of Columbia's, own employees who failed to follow its own internal procedures as someone other than indicated was permitted to sign for certified restricted delivery mail in violation of its own policies regarding service.

6. Defendants now seek to prejudice the Plaintiffs' case when the only fault lies with the Defendant District of Columbia's failure to adhere to the Mayor's Order and to their own policies.

7. Plaintiffs' therefore, seeks all costs associated with any re-service and the cost and fees associated with preparing a response to the Motion to Dismiss.

8. Plaintiffs' position regarding this claim is more fully set forth in the attached

---

[1] Mr. Joel DuBoff, Plaintiffs' counsel, had a telephone conversation with Ms. Darlene Fields wherein she acknowledged receipt of the restricted delivery mail and said that counsel had not been assigned but would be early next week.

Memorandum of Points and Authorities incorporate by reference herein.

WHEREFORE, Plaintiffs Gibson and Hawkins, for the foregoing reasons, respectfully request that this Honorable Court deny Defendant District of Columbia's Motion to Dismiss and grant Plaintiffs' Request for Sanctions in the amount of $1,000.00 (One Thousand Dollars) or in the Alternative Additional Time to Effect Service on the District of Columbia – Office of the Attorney General (Robert J. Spagnoletti and/or his designated representatives) and The Mayor's Office (Honorable Anthony Williams and/or his designated representatives).

Respectfully submitted,

By: _____/s/_____
Joel DuBoff, Esquire (# 01863)
8401 Colesville Road, Ste. 501
Silver Spring, Maryland 20910
(301) 495-3131     Office
(301) 587-1872     Facsimile

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Opposition to Defendant District of Columbia's Motion to Dismiss and Plaintiff's Request for Sanctions or in the Alternative Additional time to Serve the District of Columbia was served via this Court's Electronic Case Filing System to:

| | |
|---|---|
| Eric Jansen, Esquire | Julie Lee, Esquire |
| Special Assistant United States Attorney | Senior Assistant Attorney General |
| 555 4th Street, N.W. | General Litigation, Section II |
| Washington, D.C. 20530 | Civil Litigation Division |
| | 441 Fourth Street, N.W., Sixth Floor South |
| | Washington, D.C. 20001 |

_____/s/_____
Joel DuBoff, Esquire (# 01863)

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| **ROLAN GIBSON, et al.** | * | |
| **Plaintiffs,** | * | |
| | * | |
| v. | * | |
| | * | Case No. 1:06CV00551 |
| **UNITED STATES OF AMERICA** | * | Judge: Ellen Segal Huvelle |
| | * | |
| and | * | |
| | * | |
| **DISTRICT OF COLUMBIA** | * | |
| **GOVERNMENT** | * | |
| **Defendants.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS'
OPPOSITION TO DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO DISMISS
AND PLAINTIFFS' REQUEST FOR SANCTIONS OR IN THE ALTERNATIVE
ADDITIONAL TIME TO SERVE THE DISTRICT OF COLUMBIA**

Plaintiffs Roland Gibson and John Hawkins by and through Joel DuBoff, Esquire and DUBOFF & ASSOCIATES, CHARTERED and pursuant to all applicable rules of this Court, respectfully submits to this Honorable Court, the following memorandum of Points and Authorities is Support of Plaintiffs' Opposition to Defendant District of Columbia's Motion to Dismiss, and Plaintiffs' Request for Sanctions or in the Alternative Additional Time to Serve the District of Columbia and for cause further states as follows:

**LAW**

Rule 4(j)(2) of the Federal Rules of Civil Procedure governs the service of process "upon a state, municipal corporation, or other governmental organization." The Rule states that service shall be effected by delivering a copy of the summons and the complaint to the chief executive

4

officer (the Mayor of the District of Columbia, in this instance), or "by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant." Fed R. Civ. P. 4(j)(2).  Rule 4(j)(1) of the District of Columbia Superior Court Civil Rules prescribes the method for effecting service of process on the District:

> Service shall be made upon the District of Columbia by delivering … or mailing (pursuant to paragraph (c)(3)) a copy of the summons, complaint and initial order to the Mayor of the District of Columbia (or designee) and the Corporation Counsel [now the Attorney General] of the District of Columbia (or designee).  The Mayor and the Corporation Counsel may each designate an employee for receipt of service of process by filing a written notice with the Clerk of the [Superior] Court

Paragraph (c)(3) states that "as to any defendant described in subdivision[] … (j), service also may be effected by mailing a copy of the summons, complaint and initial order to the person to be served by registered or certified mail, return receipt requested." D.C. Super. Ct. Civ. R. 4(c)(3).  The Mayor has designated the Secretary of the District of Columbia as his agent for the receipt of legal correspondence including summonses and complaints.  See Mayor's Order 2004-77 Paragraph 1 (May 14, 2004). (Exhibit 1) Interim Secretary of DC, Patricia Elwood further designated Tabatha Braxton, Staff Assistant, Office of the Secretary and Gladys Herring, Executive, Assistant, Office of the Secretary to "receive legal correspondence on behalf of the Mayor/Secretary of DC" See Memorandum dated November 9, 2005 from Patricia Elwood. (Exhibit 2)

Superior Court Civil Rule 4 invites those wishing to effect service of process upon the District of Columbia to mail a copy of the summons and complaint to the Office of the Secretary. The May 14, 2004 Mayoral Order and the subsequent Memorandum from Patricia Elwood

5

designates those individuals who may accept service of process under District of Columbia law.

By Office Order No. 2005-19 Robert J. Spagnoletti, Attorney General for the District of Columbia designated Darlene Fields, Secretary, Tonia Robinson, Legal Assistant, and Gale Rivers, Secretary to "receive service of process on behalf of the Attorney General or the District pursuant to Rule 4(j) of the Civil Rules of the Superior Court or pursuant to Mayor's Order" (Exhibit 3)

## **ARGUMENT**

Plaintiffs' acted in full compliance with Superior Court and Federal Court Rules, the Mayor's Order and Attorney General's Order. The Plaintiffs' served, via <u>certified</u> and <u>restricted delivery</u> U.S. Mail, the Summons, Complaint, Initial Electronic Case Filing Order and the Notice of Right to Consent to Trial before a United States Magistrate Judge, in complete adherence to the Defendant District of Columbia's established procedures, on Defendant District of Columbia Government by and through the Office of the Attorney General for the District of Columbia <u>SERVE only to:</u> Darlene Fields, Secretary, or Tonia Robinson, Legal Assistant, or Gale Rivers, Secretary at 444 4th Street, N.W., 6th floor south, Washington D.C. 2001 as well as by service on the Honorable Mayor Anthony Williams, <u>SERVE:</u> Honorable Anthony Williams or Tabatha Braxton, Staff Assistant or Gladys Herrings, Executive Assistant only. (See Exhibits 4 and 5)

Defendant District of Columbia, in its Motion to Dismiss, freely admits that those individuals named on Plaintiff's Certified Restricted Delivery mailings were the correct individuals to be named to receive service. The Defendant District of Columbia is attempting to assert that the Plaintiffs' are to blame for "ineffective service" because the "correct" individuals were not served when it was actually Defendant District of Columbia's own employees in the

Mayor's Office as well as employees in the Office of the Attorney General who negligently and in violation of the applicable law, signed for an envelope/package that was delivery restricted to the individuals who are <u>designated by law</u> to receive service of process.

The Plaintiffs would be unfairly prejudiced by a dismissal of their case simply because the Defendant District of Columbia employed individuals who negligently failed to follow the law and simply took it upon themselves to sign for envelopes/packages that were not addressed to them and which were in fact labeled "Restricted Delivery" in an obvious violation of the Mayor's Order 2004-77, the Memorandum from Patricia Elwood, as well as the Attorney General's Office Order No. 2004-19.

Defendant District of Columbia's reliance on *Eldridge v. District of Columbia*, 866 A.2d 786 (D.C. 2004) is disingenuous and specious. The case at bar can be distinguished from the facts in *Eldridge* because the plaintiff in *Eldridge* simply sent the summons and complaint by certified mail to a defendant's <u>office</u>, whereas in the above captioned case the Plaintiffs sent the service of process via <u>certified mail</u> and <u>restricted delivery</u> to those individuals designated by law to receive service of process.

The Certified Restricted Delivery envelope/package to the Honorable Anthony Williams was signed for, as evidenced by the Proof of service filed on June 1, 2006. The Certified Restricted Delivery envelope/package to the Office of the Attorney General for the District of Columbia was signed for on May 2, 2006 as evidenced by the Proof of Service also filed on June 1, 2006. Mayor's Order 2004-77 (May 14, 2004) states in paragraph 6 "If the legal correspondence was forwarded by certified or registered mail, the personnel designated by the Secretary shall complete the information required on the postal card accompanying the mailing

(commonly referred to as the "green card"), return the card by mail to the sender, and enter in the IQ System the information entered on the green card."

If the individuals who signed for the service of process in the case at bar were in fact not the employees authorized to accept service of process, then the fault lays with the Defendant District of Columbia in that it did not ensure that its employees complied with the Mayor's Order 2004-77, the Memorandum from Patricia Elwood, as well as the Attorney General's Office Order No. 2004-19 in completing and signing the "green card". It is disingenuous for the Defendant District of Columbia to claim ineffective service process when it is their own employees who are in violation of the Orders and Memorandum, not the Plaintiffs.

In confirming that the Defendant District of Columbia had indeed received the Summons, Complaint and accompanying documentation, on or about May 12, 2006, Plaintiffs' counsel, Joel DuBoff, telephoned Ms. Darlene Fields regarding the status of the above captioned claim and was informed that she was in possession of the Complaint and Summons and that an Attorney would not be assigned until May 15, 2006.[2] Ms. Fields also acknowledged that the 20 days to answer the Complaint was coming up. Plaintiffs are also in receipt of a letter from Ms. Julie Lee, Senior Assistant Attorney General dated May 26, 2006, in which she stated that "I will confirm the details of your conversation with Ms. Fields…". (Exhibit 6)

The May 26, 2006, letter from Ms. Lee is yet another example that the Defendant District of Columbia has received the Summons and Complaint and has not and will not be prejudiced in any way should this Honorable Court deny Defendant District of Columbia's Motion to Dismiss

---

[2] There is no dispute that Ms. Darlene Fields, Secretary, is an individual who has been designated as a representative able to receive service of process on behalf of the Office of the Attorney General for the District of Columbia.

and require the District of Columbia to file an Answer and actively participate in this case as has been requested by Plaintiff's counsel and counsel for the United States of America, Mr. Eric J. Jansen, Special Assistant United States Attorney specious and an attempt to delay the proceedings in this case.[3]

As of the filing of this Opposition, Plaintiff's counsel has not heard from Ms. Lee regarding her "confirm[ing] the details of" counsels conversation with Ms. Fields. Counsel telephoned Ms. Lee just last week but a return call has not been received as of the filing of this Opposition. It is disingenuous for Defendant District of Columbia to claim that they did not receive service when counsel has not followed up with Ms. Fields to confirm whether or not she had in fact received the Complaint and Summons in the above captioned claim.

## SANCTIONS

Plaintiffs' have spent considerable time in reading, researching, obtaining exhibits and drafting an Opposition to the District of Columbia's frivolous Motion to Dismiss. Defendant District of Columbia should be held accountable for the waste of counsel's time as well as the waste of this Honorable Court's time and resources as the Defendant District of Columbia knew or should have know that they could not prevail as the Plaintiffs' actions were proper and followed all established guideline created by the District of Columbia.

Mayor's Order 2004-77 (May 14, 2004) states in paragraph 6 "If the legal correspondence was forwarded by certified or registered mail, the personnel designated by the Secretary shall complete the information required on the postal card accompanying the mailing

---

[3] According to the Rules, the parties were required to file a Rule 16.3 report with this Honorable Court. Defendant District of Columbia was asked for its input and the District of Columbia was unwilling to participate.

(commonly referred to as the "green card"), return the card by mail to the sender, and enter in the IQ System the information entered on the green card."

If the individuals who signed for the service of process in the case at bar were in fact not the employees authorized to accept service of process, then any cost and fees incurred by Plaintiffs' must fall on the District of Columbia because it's the actions of District of Columbia employees that caused any issue regarding service by violating the Mayor's Order 2004-77 in completing and signing the "green card".

The District of Columbia has wasted this Court's time in claiming ineffective service process when it is their own employees who were/are in violation of the Mayor's Order, The Attorney General's Order as well as the Memorandum, not the Plaintiffs.

Nowhere in Superior Court Civil Rule 4 or in the Mayor's Orders are Plaintiff's and/or their counsel warned that service of process will be invalid if the envelope/package containing the summons and complaint happens to be signed for by someone other than the Secretary or a person designated by the Secretary to handle legal correspondence.  Plaintiff served the summons and complaint as required by the Rules of this Court and in full compliance with the Orders and Memorandum from the Mayor, the Attorney General and the Secretary of the District of Columbia.

Should Defendant District of Columbia's Motion to Dismiss be granted on the grounds outlined by the Defendant District of Columbia in its Motion to Dismiss then the District of Columbia would have an automatic "OUT" in almost every civil action by simply having a non-designated individual sign for all certified correspondence addressed to those individuals who have been designated by law.  This appears to be an obvious effort to place roadblocks in the

path of Plaintiffs in order to prevent them from filing Complaints against the District of Columbia.

Plaintiff respectfully requests that sanctions in the amount of $1,000.00 (**One Thousand Dollars**) be imposed upon the Defendant District of Columbia to cover the cost of support staff, paralegal and attorney time in responding to the Defendant's senseless Motion to Dismiss as well as any costs associated with the filing of this Opposition and/or the cost of reserving the District of Columbia.

**WHEREFORE**, Plaintiffs Gibson and Hawkins, for the foregoing reasons, respectfully requests that this Honorable Court deny Defendant District of Columbia's Motion to Dismiss grant Sanctions against the District of Columbia or in the alternative grant Plaintiffs' additional time to obtain new summonses and serve the District of Columbia – Office of the Attorney General (Robert J. Spagnoletti and/or his designated representatives) and The Mayor's Office (Honorable Anthony Williams and/or his designated representatives).

Respectfully submitted,

By:  _____/s/_____
Joel DuBoff, Esquire (# 01863)
8401 Colesville Road, Ste. 501
Silver Spring, Maryland 20910
(301) 495-3131     Office
(301) 587-1872     Facsimile