UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| ROLAN GIBSON, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | C.A. No. 06-0551 (ESH) |
| ) | |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA. *et al.*, ) | |
| ) | |
| Defendants. ) | |

**REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT
DISTRICT OF COLUMBIA'S MOTION TO DISMISS, AND
PLAINTIFFS' REQUEST FOR SANCTIONS OR IN THE ALTERNATIVE
ADDITIONAL TIME TO SERVE THE DISTRICT OF COLUMBIA**[1]

Defendant District of Columbia, through undersigned counsel, replies[2] to Plaintiffs' Opposition to its Motion to Dismiss, Plaintiffs' Request for Sanctions or in the Alternative Additional time to Serve the District of Columbia as follows:

Motion to Dismiss

As set forth in *Eldridge v. District of Columbia,* 866 A.2d 786 (D.C. 2004*)* and followed by *Byrd v. District of Columbia,* 230 F.R.D. 56; 2005 U.S. Dist. LEXIS 16266; 62 Fed. R. Serv. 3d (Callaghan) 654, service on the District of Columbia requires personal service on the Mayor, or the Mayor's designated representative and the Attorney General, or the Attorney General's designated representative(s). Service by mail on the

---

[1] By filing this Reply, the Defendant is not waiving its right to move to dismiss and/or for summary judgment if service is effected, or deemed effected.
[2] The Defendant incorporates by reference its Motion to Dismiss.

designated representative(s) is valid only if the designated representative signs for the mail, *Eldridge* at 787; *Byrd* at 58. Plaintiffs are not absolved of the signing requirement because of the method or cost of their mailing, or because non-designated government employees sign for mail intended for a designated representative. *Id.* In fact, and notwithstanding this government's good-faith efforts to reduce the likelihood, receipt and acknowledgement of mail by non-designated employees is a presumed risk of service by mail on government agencies, *Byrd* at 59; *Etheridge* at 787; See also, *Advisory Committee Notes, Fed. R. Civ. P. 4(d),* explaining anticipated inadequacies in government facilities as the reason for not imposing waiver of service requirements on governments.[3]

Finally, the District's actual receipt of notice of the complaint is not a defense to ineffective service of process. *Byrd* at 59, n.4, c*iting* Whitehead v. CBS/Viacom, Inc., 221 F.R.D. at 4 (citing Zen Music, Inc. v. CVS Corp., 1998 U.S. Dist. LEXIS 20196, 1998 WL 912102 at *2). See also, LSJ Inv. Co. v. O.L.D., 167 F.3d 320, 322 (6th Cir. 1999)("actual knowledge cannot take the place of legally sufficient service"); BPA Intern., Inc. v. Kingdom of Sweden 281 F.Supp. 2d 73, 84 (D.D.C. 2003).

Motion for Sanctions

Plaintiffs have not cited any authority for their request for sanctions and did not follow appropriate procedure for making such a request. Notwithstanding the foregoing, and reserving the right to file a supplemental objection to the request, the Defendant denies that its motion to dismiss is frivolous and asserts its merit in the facts as alleged, and relevant statutory and common law. Any cost or expenses incurred by Plaintiffs' in

---

[3] After being alerted to service deficiencies, Plaintiffs' chose to incur costs associated with filing the referenced opposition rather than the relatively nominal cost of effecting proper service.

filing their opposition properly rests with them in that they could, at the outset or following notice of defective service, simply have effected proper service.

<u>Motion for Extension of Time to Effect Service</u>

The Defendant renews its request for dismissal, with prejudice, of the instant action.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____
Nicole L. Lynch  [471953]
Section Chief
General Litigation, Section II

_____
Julie Lee [433292]
Senior Assistant Attorney General
General Litigation, Section II
Civil Litigation Division
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C.
(202) 724-6602; (202) 724-3625
Julie.Lee@dc.gov