## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ROLAN GIBSON,** *et al.,* | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Civil No.  06-0551 (JMF)** |
| **v.** | ) | |
| | ) | |
| **DISTRICT OF COLUMBIA,** *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

### DEFENDANT DISTRICT OF COLUMBIA'S
### ANSWER TO THE  COMPLAINT AMD CROSS-CLAIM, CROSS-CLAIM AGAINST THE UNITED STATES OF AMERICA

Defendants District of Columbia and ("the District"), by and through undersigned counsel, hereby answers the complaint in the above-captioned matter.  The District asserts that anything not specifically admitted herein is denied, and answer the complaint as follows:

#### First Defense

The complaint fails to state a claim upon which relief may be granted.

#### Second Defense

The District states the following in response to the individually numbered paragraphs in the Complaint:

#### JURISDICTION & VENUE

1.  The District is without sufficient information to admit or deny the factual allegations contained in paragraph one of the complaint.

2.  The District admits that on or about December 8, 2004, an automobile accident occurred at the intersection of 61st Street and Clay Street, NE, in the District of Columbia.

3.  The District is without sufficient information to admit or deny the factual allegations

1

contained in paragraph three of the complaint.

4.  The allegations asserted in paragraph four of the complaint are legal conclusions to which no response is required. To the extent that paragraph four contains factual allegations, the District is without sufficient information to admit or deny the factual allegations contained in paragraph four of the complaint.

5.  The allegations asserted in paragraph five of the complaint are legal conclusions to which no response is required. To the extent that paragraph five contains factual allegations, the District is without sufficient information to admit or deny the factual allegations contained in paragraph five of the complaint.

## FACTS

6.  The District incorporates its answers to paragraphs one through five as above.

7.  The District is without sufficient information to admit or deny the factual allegations contained in paragraph seven of the complaint.

8.  The District is without sufficient information to admit or deny the factual allegations contained in paragraph eight of the complaint.

9.  The District admits that a vehicle owned by the District of Columbia and driven by a District employee was involved in an accident at the intersection of 61st Street and Clay Street, NE, in the District of Columbia on December 8, 2004.

10. The District is without sufficient information to admit or deny the factual allegations contained in paragraph 10 of the complaint.

11. The District is without sufficient information to admit or deny the factual allegations contained in paragraph 11 of the complaint.

12. The District is without sufficient information to admit or deny the factual allegations contained in paragraph 12 of the complaint.

13. The District is without sufficient information to admit or deny the factual allegations contained in paragraph 13 of the complaint.

14. The District denies the allegations contained in paragraph 14 of the complaint.

15. The District admits that on or about December 8, 2004, an automobile accident occurred at the intersection of 61st Street and Clay Street, NE, in the District of Columbia.  The District is without sufficient information to admit or deny the remainder of the factual allegations contained in paragraph 15 of the complaint.

16. The District is without sufficient information to admit or deny the factual allegations contained in paragraph 16 of the complaint.

17. The District is without sufficient information to admit or deny the factual allegations contained in paragraph 17 of the complaint.

## COUNT I

18. The District incorporates its answers to paragraphs 1 through 17 for as above.

19. The allegations asserted in paragraph 19 of the Complaint are legal conclusions to which no response is required.

20. The District is without sufficient information to admit or deny the factual allegations contained in paragraph 20 of the complaint.

21. The District is without sufficient information to admit or deny the factual allegations contained in paragraph 21 of the complaint.

22. The allegations asserted in paragraph 22 of the Complaint are legal conclusions to which no response is required.

23. The allegations asserted in paragraph 23 of the Complaint are legal conclusions to which no response is required. To the extent that paragraph 23 contains factual allegations, the District denies the allegations and demands strict proof thereof at trial.

24. The allegations asserted in paragraph 24 of the Complaint are legal conclusions to which no response is required. To the extent that paragraph 24 contains factual allegations that tend to inculpate the District, the District denies the allegations and demands strict proof thereof at trial.

25. The allegations asserted in paragraph 25 of the Complaint are legal conclusions to which no response is required.

26. The allegations asserted in paragraph 26 of the Complaint are legal conclusions to which no response is required.

27. The allegations asserted in paragraph 27 of the Complaint are legal conclusions to which no response is required.  To the extent that a response is required, the District is without sufficient knowledge to admit or deny the allegations in paragraph 27 at this time.

28. The allegations asserted in paragraph 28 of the Complaint are legal conclusions to which no response is required.  To the extent that a response is required, the District is without sufficient knowledge to admit or deny the allegations in paragraph 28 at this time.

29. The allegations asserted in paragraph 29 of the Complaint are legal conclusions to which no response is required.  To the extent that a response is required, the District is without sufficient knowledge to admit or deny the allegations in paragraph 29 at this time.

## <u>COUNT II</u>

30. The District incorporates its answers to paragraphs 1 through 29 as above.

31. The allegations asserted in paragraph 31 of the Complaint are legal conclusions to which no response is required. To the extent that a response is required, with respect only to the District, the District denies the allegations contained in paragraph 31.

32. The allegations asserted in paragraph 32 of the Complaint are legal conclusions to which no response is required. To the extent that a response is required, with respect only to the District, the District denies the allegations contained in paragraph 32.

33. The District is without sufficient information to admit or deny the factual allegations contained in paragraph 33 of the complaint.

### Third Defense

If the plaintiffs were injured and/or damaged as alleged in the Complaint, said injuries and/or damages resulted from plaintiffs' own willful conduct.

### Fourth Defense

If the plaintiffs were injured and/or damaged as alleged in the Complaint, said injuries and/or damages resulted from plaintiffs' own contributory negligence. The District reserves the right to incorporate any additional facts supporting this defense if further information arises in the course of discovery.

### Fifth Defense

If the plaintiffs were injured and/or damaged as alleged in the Complaint, said injuries and/or damages resulted from the sole or concurring negligence of a person or persons other than the District, its employees, agents or servants acting within the scope of their employment.

## **Sixth Defense**

All actions performed by the District, its employees, servants, or agents acting within the scope of their employment, met or exceeded the applicable standard of care.

## **Seventh Defense**

The plaintiffs may have failed to mitigate any damages that she may have incurred.

## **Eighth Defense**

The plaintiffs' claims may be barred by the applicable statute of limitations.

## **Ninth Defense**

The plaintiffs may have failed to comply with the mandatory notice requirements of D.C. Code § 12-309 (2001 ed.).

## **Set-off**

The District asserts a set-off for all funds and services provided to the plaintiff through Medicare, Medicaid, public assistance or other sources.

WHEREFORE, the District prays the Court dismiss the Complaint and award it the expense of this litigation, costs and interest, and such other relief as the Court deems just and proper.

**DEFENDANT DISTRICT OF COLUMBIA'S ANSWER TO CROSS-CLAIM BY CO-
DEFENDANT UNITED STATES OF AMERICA**

Defendants District of Columbia and ("the District"), by and through undersigned counsel,
hereby answers the cross-claim in the above-captioned matter.  The District asserts that anything not
specifically admitted herein is denied, and answers the cross-claim as follows:

1.    The United States' cross-claim, in paragraph one, accurately describes the allegations in the

plaintiffs' complaint. The District admits that on or about December 8, 2004, an

automobile accident occurred at the intersection of 61st Street and Clay Street, NE, in  the

District of Columbia. The District is without sufficient information to admit or deny the

remainder of the factual allegations contained in paragraph one of the cross-claim.

2.    The United States' cross-claim, in paragraph two, accurately describes the allegations in the

plaintiffs' complaint. The allegations asserted in paragraph two of the cross-claim are legal

conclusions to which no response is required. To the extent that paragraph two contains

factual allegations that tend to inculpate the District, the District denies the allegations and

demands strict proof thereof at trial.

3.    The allegations asserted in paragraph three of the cross-claim are legal conclusions to which

no response is required.  To the extent that a response is required, the District is without

sufficient knowledge to admit or deny the allegations in paragraph three at this time.

4.    The District is without sufficient information to admit or deny the factual allegations

contained in paragraph four of the cross-claim.

5.    The District is without sufficient information to admit or deny the factual allegations

contained in paragraph five of the cross-claim.

6. The allegations asserted in paragraph six of the cross-claim are legal conclusions to which no response is required. To the extent that a response is required, the District denies the allegation contained in paragraph six of the United States' cross-claim.

7. The District is without sufficient information to admit or deny the factual allegations contained in paragraph seven of the cross-claim.

8. The District is without sufficient information to admit or deny the factual allegations contained in paragraph eight of the cross-claim.

9. The District is without sufficient information to admit or deny the factual allegations contained in paragraph nine of the cross-claim.

WHEREFORE, the District prays the Court dismiss the cross-claim and award it the expense of this litigation, costs and interest, and such other relief as the Court deems just and proper.

## DEFENDANT DISTRICT OF COLUMBIA'S CROSS-CLAIM AGAINST CO-DEFENDANT UNITED STATES OF AMERICA

Defendant District of Columbia, by and through counsel, files this cross-claim against co-defendant United States of America (hereinafter "cross-defendant"), alleging that:

1. This cross-claim is brought pursuant to Rule 13 of the Federal Rules of Civil Procedure in that the claim stated arises out of the occurrence which is the subject matter of the plaintiff's complaint.

2. The plaintiff filed a lawsuit seeking damages for personal injuries allegedly sustained as a result of the negligent operation of an automobile owned and operated by the cross-defendant and as a result of the negligent operation of an automobile owned and operated

8

by the District.  This negligence allegedly occurred on December 8, 2004, at or near the

intersection of 61st Street and Clay Street NE in the District of Columbia.

3.      If plaintiff was injured or damaged as alleged in the Complaint, those injuries and

damages were solely and primarily the result of acts by the cross-defendant or its employees.

4.      In the event that the plaintiff obtains a judgment against defendant District of

Columbia, then cross-defendant is liable for contribution to defendant District of Columbia in the

amount of the recovery, as defendant District of Columbia has in no way caused or contributed

to the occurrence alleged by plaintiff in his complaint.

WHEREFORE, defendant District of Columbia demands indemnification and/or

contribution from cross-defendant toward all sums that may be adjudged against defendant

District of Columbia in favor of the plaintiff.


                                    Respectfully submitted,

                                    ROBERT J. SPAGNOLETTI
                                    Attorney General

                                    GEORGE C. VALENTINE
                                    Deputy Attorney General
                                    Civil Litigation Division

                                    _____/s/_____
                                    HOLLY M. JOHNSON [476331]
                                    Section Chief
                                    General Litigation Section III

_____/s/_____
JAMES H. VRICOS [474026]
Assistant Attorney General
441 4th Street, N.W., 6S74
Washington, D.C. 20001
(202) 724-6600
(202) 727-3625 (fax)
James.Vricos@dc.gov

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 1st day of August, 2006, that a copy of the foregoing Answer to the Complaint with Cross-Claim and Answer to Cross- Claim was either transmitted via the U.S. District Court's electronic filing notification system, or mailed postage prepaid to:

Joel DuBoff Esq.
Donna Williams Rucker, Esq.
DuBoff & Associates, Chartered
8401 Colesville Road, Suite 501
Silver Spring, MD 20910

Eric J. Janson
Special Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530

_____/s/_____
JAMES H. VRICOS
Assistant Attorney General