IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| **ROLAN GIBSON,** *et al.*      * | |
|          **Plaintiffs,**      * | |
| * | |
| **v.**      * | |
| * | **Case No. 1:06CV00551** |
| **UNITED STATES OF AMERICA**      * | **Magistrate Judge Facciola** |
| * | |
| **and**      * | |
| * | |
| **DISTRICT OF COLUMBIA**      * | |
|   **GOVERNMENT**      * | |
|          **Defendants.**      * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\*\*

### PLAINTIFF'S MOTION TO COMPEL DEFENDANT DISTRICT OF COLUMIA TO PRODUCE DISCOVERY RESPONSES

COMES NOW plaintiff, Rolan Gibson, by and through counsel, DuBoff & Associates, Chartered and Joel DuBoff, Esquire, pursuant to the Rules of the Court and moves this Honorable Court to issue an Order compelling the defendant District of Columbia to produce full and complete responses to discovery requests.

    1.    Plaintiff served defendant with Interrogatories on or about August 12th, 2006.

    2.    Defendant District of Columbia answered said interrogatories on or about October 16th, 2006, a full month after said answers were due.

    3.    Defendant's answers were either incomplete or not responsive to the interrogatories.

    4.    Plaintiff wrote a letter to defendant District of Columbia setting forth specific objections to specific interrogatories. The plaintiff entered objections to the answers to the following interrogatories: (See Exhibit No. 1)

<u>Interrogatory No. 2</u>:   Describe in complete detail, in sequential order, how the occurrence, complained of occurred, including in your answer a complete time line of any MPDC actions taken from the time MPDC was notified of the chase up to and including the resulting accident.

Answer:   Please see PD-10, MPD Traffic Accident Report, (hereinafter "Exhibit A")' and MPD Regional Operations Command-East, 6D Final Accident Investigative Memorandum, (hereinafter "Exhibit D").

**Objection:   The answer is not responsive to the question. The question did not seek the production of reports, the question seeks "a complete time line" of the entire incident. This would include information from the Communications Division, including, but not limited to, information from the Event Chronology computer record. Please re-examine your response and provide the requested information.**

<u>Interrogatory No. 4</u>:    Identify all photographs, videotapes, plats, diagrams, or other depictions of the scene or of things connected with the occurrence, including but not limited to radio transmission tapes, accident reports, accident investigations, reports of injuries to officers known to this defendant, its attorneys, agents, representatives, employees or servants, and identify the custodian of each said item.

Answer:   Please see Exhibits A and D. Additionally, MPD General counsels office contacted. MPD Inspector James Crane back in July 2006, requesting the radio run audio tape for CCN 167-884. In response to this request Inspector Crane's office conveyed that these particular records could not be retrieved.

**Objection:        The answer is not responsive to the Interrogatory. The Interrogatory does not request the production of items provided, it requests the identification of <u>all</u> of the specified items. Additionally, since it is MPDC policy to retain radio run tapes for more than two years, and given that MPDC was on notice as to this claim in October of 2005, the mere assertion that the tapes "could not be retrieved" is unacceptable. Either identify the custodian of the tapes, or obtain a sworn statement from the Commander of the Communications Division, or from the Chief of Police, detailing why the tapes were not retained. Additionally, data should have been stored in the MPDC computers that provide a complete time line for the incident in question. Again, either identify the custodian of said record, or provide a sworn statement as to why these records were not maintained. Additionally, there would have been run sheets (PD 775's) for each MPDC vehicle involved in the incident, and these run sheets should reflect an accurate time line as to each vehicle's involvement in the incident in question. Please re-examine your answer and identify the proper custodian of <u>all</u> records requested, or, provide sworn statements explaining why the records have not been maintained.**

<u>Interrogatory No. 5</u>:    If the incident leading to the plaintiff's alleged occurrence was related in any manner to a chase involving any Park Police vehicle, please provide, the exact time the District of Columbia dispatcher and/or MPDC official was

2

notified of said chase, by who the MPDC dispatcher and/or MPDC office was notified, the content of the notification, including but limited to any request for MPDC assistance, the identify of any unit assigned to assist the Park Police by the MPDC dispatcher and of the MPDC official, the identity of any unit who identified themselves as responding to the incident, the name of the dispatcher and/or MPDC official authorizing MPDC units to assist in the chase or to respond to the scene, the identity of any MPDC unit specifically informed by the dispatcher and/or MPDC official to break off from the chase and/or not to participate in the chase, the identity of any other police units from any other police agency, known to this defendant, and if the chase was simulcast over Park Police and D.C. police radio frequencies.

Answer:    Objection. This Interrogatory No. 5 is overly broad and unduly burdensome. The Defendant also objects to the inference that any "MPDC unit (was) specifically informed by the dispatcher and/or MPDC official to break off from the chase and/or not to participate in the chase." Without waiver of any objection, please see response to Interrogatory No. 4.

**Objection:    The answer is completely none responsive to the Interrogatory. Further the information sought is not overly broad, nor does it impose an undue burden on this defendant. The information sought is related to one specific incident, the information sought can be obtained by this defendant either through a review of the appropriate records and/or through interviews with individuals involved. The objection to a supposed inference has no legal standing. If this defendant feels, after a thorough review of all data, records and interviews, that no unit was told to break off or not participate, all this defendant has to do is answer, none. Please review <u>all of the information currently available and obtain the additional information available</u> to enable this defendant to properly answer the Interrogatory. Additionally, it is the position of plaintiffs that this defendant's right to object expired when the answers were not provided in a timely manner.**

Interrogatory No. 6:    Identify all persons who have given this defendant, its employees, agents, representatives or servants, statements that relate in any manner to the subject occurrence, state the date on which each statement was given, the best of your recollection the contents of each such statement, and identify the present custodian of each such statement.

Answer:    Please see Exhibits A, and D.

**Objection:    The answer is not responsive to the Interrogatory. The Interrogatory requires the identification of <u>all persons</u> who have given these defendant statements. Referral to the produced documents is not sufficient. This defendant has not stated that the documents presented represent all of the statements, nor does this defendant identify the current custodian of said statements. Please re-examine your response and provide the requested information.**

3

Interrogatory No. 8: Please state the time in minutes and seconds that elapsed between the time the operator of the defendant's vehicle involved in the subject occurrence first became involved in the chase of another vehicle and the time said operator first observed the vehicle operated by the plaintiff.

Answer:    Please see response to Interrogatory No. 4.

**Objection:        The answer is not responsive to the Interrogatory. The Interrogatory is specific as to the information requested. This defendant's answer does not provide the requested information. Please re-examine your answer and provide the requested information.**

Interrogatory No. 9:    Please state the time in minutes and seconds that elapsed between the time the operator of this defendant's vehicle first observed the vehicle operated by the plaintiff and the time of impact.

Answer:    Please see response to Interrogatory No. 4.

**Objection: The answer is not responsive to the Interrogatory. The Interrogatory is specific as to the information requested. This defendant's answer does not provide the requested information. Please re-examine your answer and provide the requested information.**

Interrogatory No. 10:    State everything the operator of the defendant's vehicle did in the mechanical operation of the motor vehicle from the time he first saw the motor vehicle operated by plaintiff, up to the time of impact.

Answer:    Please see Exhibit A, and D.

**Objection:        The answer is not responsive to the Interrogatory. The Interrogatory is specific as to the information requested. This defendant's answer does not provide the requested information, if this information is not available through documents and records it is this defendant's duty to interview its employees to obtain the requested information. Please re-examine your answer and provide the requested information.**

Interrogatory No. 14:    Please describe in detail any warnings or signal given by the operator of any vehicle involved in the alleged occurrence just prior to the time of such occurrence.

Answer:    Objection. This Interrogatory No. 14 is vague, overly broad and unduly burdensome. Without waiver of any objection, please see Exhibit A, and D.

**Objection:        This defendant's objection is without basis in fact. The Interrogatory specifically limits the question to vehicles involved in the subject occurrence and limits the time to just prior to the happening of the occurrence. The**

4

**provided answer is not responsive to the Interrogatory. If necessary this defendant has the duty to obtain the requested information from this defendant's individual employees who have the requested information. Please re-examine your answer and provide the requested information.**

<u>Interrogatory No. 15:</u>    If any other vehicle or person was involved in or contributed in any to the alleged occurrence, please state in fullest detail how such other vehicle or person was involved in or contributed to the happening of the alleged occurrence.

Answer:    Please see Exhibit A, and D.

**Objection:    The answer is not responsive to the Interrogatory. The production of the attached documents was not requested, and they do not fulfill the specificity required to answer the Interrogatory. Please re-examine your answer and provide the requested information.**

<u>Interrogatory No. 17:</u>    If this defendant, or any of its agents, employees, representatives, agents or servants had any conversation with this plaintiff at, about the time of, or shortly after the alleged occurrence, please give the substance of any such statement, identifying to whom such statement was made and identifying all other persons present at the time of said conversation.

Answer:    Please see Exhibit A, and D.

**Objection:    The answer is not responsive to the Interrogatory. This Interrogatory seeks information about <u>conversations,</u> not written statements allegedly made by this plaintiff. This defendant's agents, employees, representatives, agents or servants would include any of same who were on the scene at, or after, the occurrence and spoke to this plaintiff, including police, EMS and fire department personnel. It would also include any medical practitioners who fall under such categories. The provided, but not requested, documents are insufficient as they do not detail each and every such person who may have conversed with this plaintiff. Please make the necessary inquiries and provide the requested information.**

<u>Interrogatory No. 18:</u>    If any employee, agent, representative or servant of this defendant prepared, submitted, or made any written statement or report of the alleged occurrence, during the normal course of business, please identify each such person fully, state the date of any such written statement or report and the substance, the complaint number, if any, carried on each statement or report and the contents, as best you can recount, of any such written statements or reports.

Answer:    Please see Exhibit A, and D.

**Objection:    The answer is not responsive to the Interrogatory. The documents provided, but not requested, only indicate statements allegedly made to,**

5

**or by, employees of the MPDC. The Interrogatory would require other statements made by this defendant's employee's, etc., including but not limited to, special occurrence reports made to the Chief of Police, Communications Division, District Commander, etc., additionally it would include statements and/or reports made by persons other than the police, including but not limited to EMS personnel, medical personnel, etc.. Please make the necessary inquires and provide the requested information.**

<u>Interrogatory No. 19</u>:    If, from any observation made by any employee, agent, representative or servant of this defendant, including but not limited to the MPDC, Fire Department and/or EMS personnel, immediately after the occurrence, whether the plaintiff appeared to have been physically injured or whether the plaintiff appeared to have been mentally or emotionally disturbed as a result of the occurrence, please state the physical condition of the plaintiff, including in your answer signs of bleeding, bruising, cuts or other physical injury, the emotional or mental condition of the plaintiff, as to whether or not the plaintiff was crying, talking, complaining of pain or otherwise appeared mentally disturbed and the appearance of the clothing of plaintiff, as to whether or not any part of it was disarranged, torn, dirty or otherwise, indicating which and to what extent.

Answer:    According to Exhibit A, the plaintiff was admitted to George Washington Hospital and released the same day.

**Objection:    The answer is not responsive to the question and appears an attempt by this defendant to be disingenuous as to the condition of the plaintiff. The Interrogatory does not inquire as to where the plaintiff went, it inquires as to what this defendant's employees, agents, representatives or servants observed shortly after the subject occurrence. This defendant cannot rely merely on the reports that it currently possesses, but must make a good faith effort to obtain the requested information, even if it means that this defendant has to interview personally the police, fire, EMS personnel and other employees on the scene with relevant information that is responsive to this Interrogatory. Please re-examine your answer, obtain and provide the requested information.**

<u>Interrogatory No. 20</u>:  Please state as to each and every witness known to this defendant, or any agent, employee or representative of the this defendant, to have, seen, hear, or had knowledge of facts pertaining to the alleged occurrence, giving the name, address and physical description of each, the location where such witness was at the time they saw, heard, or had knowledge of facts pertaining to the alleged occurrence, the substance as best you can give it, of all information or knowledge about the alleged occurrence known to each such witness, and whether or not each such witness gave any statement, or account, either oral or in writing, of their knowledge of the alleged occurrence, and if so, give the substance of the same.

Answer:    Please see Exhibit A, and D.

**Objection:** **The answer provided is not responsive to the question. The proffered, but not requested, documents referred to in this defendant's answer merely indicate those witnesses that the investigating official chose to include in support of its determinations following an alleged investigation. This Interrogatory requires the above stated information of <u>each and every witness to have seen, heard or have knowledge</u> about the subject occurrence. This would include every officer who heard radio transmissions related to the subject occurrence, those whose assisted in the actual arrest of the suspects in the described Jeep, EMS personnel, Fire Department personnel, and any other person described above who investigated, assisted in the investigation, or had any knowledge of the subject occurrence. As these people are all employees of this defendant, this defendant has the duty to investigate and inquire as to the identity of these persons and the knowledge they may possess. Please re-examine your answer and provide the requested information.**

Interrogatory No. 21:   If the plaintiff ever made any statement or gave any account, either oral or written. of the alleged occurrence to this defendant, or to any agent, employee or representative of this defendant please state the date of each such statement or account, the name and address of each and every person present at the time of such statement or account was given and the substance of each statement or account in as much detail as possible.

Answer:   Please see Exhibit A, and D.

**Objection:   The answer provided is not responsive to the question. The proffered, but not requested, documents merely represent one written statement given by this plaintiff to one member of the MPDC. The answer does not identify any of the above described people the plaintiff may have made and oral statement to on the scene, nor does it reflect if the plaintiff made any account of the subject occurrence to EMS or Fire Department personnel. Each of the above described persons are employees of this defendant and therefore it is the duty of this defendant to seek out and identify any such persons, not to rely solely on one written statement. Please re-examine your answer and provide the requested information.**

Interrogatory No. 30:  Identify every MPDC vehicle assigned to respond to the scene of the accident and/or any MPDC vehicle that notified the dispatcher that they were responding to the scene of the accident from the beginning at the happening of the occurrence and continuing until the last MPDC unit cleared from the location, including in your answer the identity of the officers of each such vehicle.

Answer:   Please see Exhibit A, and D. Additionally, MPD General Counsel's office contacted MPD Inspector James Crane back in July 2006, requesting the radio run audio tape for CCN 167-884. In response to this request Inspector Crane's office conveyed that these particular records could not be retrieved. Should additional information become available to supplement this response then such will be done in accord with SCR-Civil 33.

7

**Objection:** The answer provided is not responsive to the question. The proffered, but not requested documents, indicate only those persons involved or identified as to the happening of the accident itself. The plaintiff has no assurance that <u>every MPDC vehicle</u> has been identified as requested. The mere assertion that the radio audio tape "could not be retrieved" is an insufficient response. The MPDC routinely keeps these tapes for more than two years. This defendant has been on notice about this occurrence as early as October, 2005. If the tapes are in fact unavailable than this defendant must account for its own employees failure to maintain potential evidence relevant to this case. Additionally, other means are available to this defendant to identify the units identified above. Each vehicle maintains a PD 775 (run sheet), and each 775 for any vehicle potentially involved can be examined by this defendant. The Communications Division also routinely keeps an Event Chronology for any event, including an event such as the subject occurrence. This chronology would identify every vehicle that identified itself to the dispatcher as being on, or responding to the scene, as well as the time each such unit cleared from the scene of the subject occurrence. There was also paperwork prepared as a result of the arrests occasioned by this incident, said paperwork may well identify MPDC personnel, and their vehicles, that assisted the Park Police in any manner related to the subject incident. It is not sufficient for this defendant to rely entirely upon paperwork currently in its possession, this defendant must make a good faith effort to seek out and identify any unit as described above. Please re-examine your answer and provide the requested information.

5.  Counsel for plaintiff spoke by telephone with counsel for the defendant District of Columbia regarding answers to interrogatories. At that time counsel for the defendant advised that he would have at least the radio run tape and the event chronology and would supply same no later than November 3rd, 2006.

6.  Counsel for plaintiff again spoke by telephone with counsel for the defendant District of Columbia on November 13th, 2006. At this time counsel for the defendant said he would provide the radio tape and the event chronology that same day. As of the close of business on November 13th, nothing had been received, nor had anything been received by the close of business on November 14th. Counsel for plaintiff was vague as to when he would have complete answers to the interrogatories.

7.  During the November 13th telephone call counsel for the defendant District of Columbia would not consent to this motion.

WHEREFORE, based on the foregoing, and plaintiff's attempts to resolve discovery disputes being unsuccessful, the plaintiff, Rolan Gibson moves this Honorable Court to issue an Order directing the defendant District of Columbia to provide full and complete answers within 15 days of the issuance of said Order, and that and such relief as this Honorable Court may deem necessary and appropriate.

                Respectfully submitted,

By:                /s/
                Joel DuBoff, Esquire
                DUBOFF & ASSOCIATES, CHARTERED
                8401 Colesville Road, Suite 501
                Silver Spring, MD 20910
                (301) 495-3131    Office
                (301) 587-1872    Facsimile

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Plaintiff Gibson's Motion to Compel Discovery from the defendant District of Columbia, and a copy of a proposed order was mailed this 15th day of November to counsel for the defendants, **Eric Jansen, Esquire -** Special Assistant United States Attorney,555 4th Street, N.W. Washington, D.C. 20530 and **James H. Vicros, Esquire** - Assistant Attorney General for the District of Columbia, 441 4th Street N.W., Washington, D.C. 20001

                /s/
                Joel DuBoff, Esquire