# Exhibit 10

Case 1:06-cv-00551-JMF    Document 34-12    Filed 05/25/2007    Page 1 of 11



# GENERAL ORDER

.01 POLICY
.02 DEFINITIONS
.03 AUTHORITIES
.04 PROCEDURES
.05 COMMUNICATIONS SECTION
.06 RESPONSIBILITIES
.07 FRESH PURSUIT LAWS

2205.01   **POLICY**

Vehicular pursuits shall be carried out in areas of primary Force jurisdiction and other areas in accordance with Federal law, applicable State laws, or Force General Orders, whichever is most restrictive. Pursuit of a vehicle is authorized only when the offense for which the suspect is being pursued is one of the following:

— A felony, or the officer has reason to believe a felony has occurred or is occurring.*

— The suspect presents a clear and immediate threat to public safety if not immediately apprehended, e.g., the display or use of a firearm, Driving While Intoxicated, hit-and-run, serious personal injury.*

  * <u>Note:</u> The act of fleeing and eluding the police shall not in itself be a pursuable offense.

— Traffic violation(s) on limited access highways within primary Force jurisdiction.

In any pursuit situation, the necessity of an immediate apprehension must outweigh the level of danger created by the pursuit. In pursuit situations, an officer shall abide by the provisions of General Order 3701 "Emergency Operation of Force Vehicles."

Revised 01/20/97

Vehicular Pursuits (G.O. 2205)
Page 1 of 9

A. **Vehicular pursuit** - an incident that involves a law enforcement officer who, while operating a motor vehicle, attempts to apprehend one or more occupants of another moving vehicle while the driver, who is aware of the attempted stop of his/her vehicle, is attempting to evade apprehension.

B. **MARNIS** - the Mutual Aid Radio Network Interface System. A radio patching link between units of two or more agencies through their radio systems.

C. **PMARS** - the Police Mutual Aid Radio System. A radio system that provides direct agency-to-agency communications in the Washington metropolitan area.

D. **Terminate** - to immediately stop or bring to an end any pursuit an officer becomes involved in.

## AUTHORITIES

A. **Federal**

Title 16 U.S.C. 1a-6(b)(1) has authorized the Secretary of the Interior to designate the officers of the United States Park Police to "... carry firearms, and make arrests without warrant for any offense against the United States committed in his presence, or for any felony cognizable under the laws of the United States if he has reasonable grounds to believe that the person to be arrested has committed or is committing such felony, provided such arrests occur within that system or the person to be arrested is fleeing therefrom to avoid arrest."

B. **State**

Pursuit of a person from one State into another State and the subsequent arrest of that person without a warrant for a State offense is normally authorized only when the suspect has committed a felony. Officers shall be familiar with the pursuit laws of States that are adjacent to areas of patrol responsibility.

## PROCEDURES

A. **Vehicular Pursuit in Primary Force Jurisdiction**

   1. Each officer shall be responsible for determining the need to initiate a pursuit.

/20/97

Vehicular Pursuits (G.O. 2205)
Page 2 of 9

2. The decision to initiate a pursuit must be based on the pursuing officer's conclusion that the immediate danger to the public created by the pursuit is less than the immediate or potential danger to the public should the suspect remain at large.

3. The following factors shall be considered when a vehicular pursuit is initiated; these factors shall be continuously re-evaluated during the pursuit to determine whether to continue or terminate the pursuit:

   a. The likelihood of a successful apprehension.

   b. The performance capabilities of the pursuit vehicle, and the officer's driving skills.

   c. The condition of the road surface upon which the pursuit is being conducted and the officer's familiarity with the area.

   d. The amount of vehicular and pedestrian traffic in the area, and the composition of the area, e.g., schools, business districts, residential.

   e. Weather conditions, visibility, time of day, and day of the week.

4. Sometimes the decision to terminate a pursuit by the officer or his/her supervisor may be the most prudent course of action. Such situations may include those in which:

   a. The level of danger posed to the public, the officers, or the violator by continued pursuit outweighs the necessity of an immediate apprehension.

   b. The suspect's identity has been established and the need for immediate apprehension is no longer present.

   c. The distance between the pursuing officer's and violator's vehicles is so great that further pursuit is futile.

5. A pursuit may be terminated at any time. Such termination shall be communicated to other affected agencies.

6. An officer, upon voluntary or directed termination of a pursuit, shall acknowledge that termination via the Force radio.

supervisory approval prior to joining a pursuit. Unless otherwise directed by a supervisor, no more than two (2) police vehicles (to include 1 supervisory unit) shall become actively involved in a pursuit. The second unit shall serve as back-up and, when practical, update the pursuit location and other pertinent information so the primary unit can focus attention on the fleeing vehicle. Appropriate emergency equipment shall be used at all times during the pursuit.

8. If the pursuit is initiated by an officer in an unmarked vehicle or motorcycle, that officer shall relinquish the lead in the pursuit when a marked cruiser joins the pursuit. The initial unit may then proceed as reasonable circumstances dictate to the termination point of the pursuit.

9. An officer who initiates a pursuit shall immediately notify the Communications Section of the following information:

   a. That the officer is in a pursuit and the reason (e.g., speed, hit-and-run, robbery)

   b. Location and direction of the pursuit

   c. Description of the vehicle, tag number, and number of occupants, if known.

   d. Any unusual actions of the violator (e.g., forcing other vehicles off the road, attempting to or ramming other vehicles, shots fired)

   e. That the pursuit will be entering another jurisdiction

10. A unit carrying civilians or prisoners shall not become involved in a pursuit.

11. An officer shall not use his/her vehicle to strike or ram a suspect's vehicle with the intent of solely disabling the vehicle, unless he/she has been specifically trained in techniques that attempt to minimize danger to himself/herself and others when making deliberate contact between vehicles. Roadblocks shall only be utilized in accordance with the provisions of General Order 2210 "Roadblocks."

12. At the conclusion of the pursuit, felony traffic stop techniques shall be used as circumstances dictate.

...directed by a supervisor, units not involved in or who have previously disengaged from the pursuit may proceed to the area surrounding the location where the violator's vehicle has been stopped. These units shall assist as necessary. Except in situations that require immediate reaction, response shall be without the use of emergency equipment.

14. Units, including the Aviation Section, shall only actively participate in a pursuit initiated by another agency when a specific request has been received from that agency and the officers obtain supervisory approval. Active participation in the pursuit by Force officers shall be limited to those offenses enumerated in Section 2205.01. This does not preclude other assistance to the affected agency such as involvement in a foot chase, handling a motor vehicle accident, traffic direction.

B. **Vehicle Pursuits Outside of Force Primary Jurisdiction**

1. When a pursuit crosses a jurisdictional boundary, the officer shall notify his/her supervisor and the Communications Section.

2. The Communications Section shall notify the entered jurisdiction of the pursued vehicle's description, last known location, the offense for which it is being pursued, and any other appropriate information.

3. The pursuing officer's supervisor shall determine if more than two Force units shall continue a pursuit, as sufficient police units of the entered jurisdiction join the pursuit and assume command of the pursuit.

4. As soon as practical, the pursuit shall be relinquished to police units of the entered jurisdiction. When feasible, however, the Force officer who initiated the pursuit should maintain contact with the pursuit until it is concluded. This does not preclude a continued response by additional Force units at the discretion of a supervisor. If police units from the entered jurisdiction do not join the pursuit, the supervisor shall reevaluate the necessity of the pursuit.

5. When the possibility exists that a pursuit may enter a military reservation, the Communications Section shall attempt to notify the appropriate security personnel of the forthcoming pursuit.

the military reservation (or designee) prior to removing the arrestee. Since in some cases a warrant may be required (refer to Section .09.C of General Order 2103 "Arrest Procedures").

C. <u>Aviation</u>

1. If available, a helicopter should be immediately requested to establish visual contact of the pursued vehicle and to provide other assistance as circumstances warrant.

2. If a pursuit for traffic violations only is terminated, the helicopter shall also terminate its observation.

3. For felonies and those crimes that involve a threat to public safety, the helicopter may continue to monitor the fleeing vehicle despite the pursuit being terminated by ground units. Periodic updates shall be given directly to the Shift Commander. The Shift Commander shall determine the extent to which the vehicle shall be monitored.

4. At night, if a pursuit has been terminated by ground units, the Aviation Section/Shift Commander shall carefully monitor the use of any illumination from the helicopter, as the violator may perceive that he/she is still being pursued.

D. <u>Canine</u>

If available, canine units with tracking capabilities shall proceed in the direction of the pursuit and monitor the need for any subsequent searches.

E. <u>Judicial</u>

1. An individual arrested for a Federal offense shall be taken before the nearest U.S. District Court, U.S. Magistrate Judge, or other authorized Federal official for initial appearance. For a Federal offense, the individual may be removed across State lines for processing.

2. When a State jurisdiction is crossed to apprehend an individual for a State offense, the officer shall detain the violator and relinquish the individual to the law enforcement agency of the entered jurisdiction, if applicable. The violator shall be processed by the entered jurisdiction. The Criminal Investigations Branch shall coordinate extradition proceedings, if necessary.

Under no circumstances shall an individual apprehended for a State offense be taken across State lines without first being processed through the criminal justice system and in accordance with legal procedures applicable to the jurisdiction in which the individual was apprehended.

F. <u>Arrest Procedures</u>

An officer shall be guided by the provisions of General Order 2103 "Arrest Procedures."

2205.05 **COMMUNICATIONS SECTION**

A. Communications Section personnel shall be responsible for coordinating radio traffic, and, with supervisory approval, dispatch additional units. In addition, Communications Section personnel shall maintain liaison with other involved or potentially involved jurisdictions, monitor scanner frequencies, and relay requests, e.g., aerial support, during all pursuit situations. They shall also ensure that the Shift Commander and other supervisors, as appropriate, are immediately notified of a pursuit situation.

B. In areas so equipped, Communications Section personnel should initiate PMARS communications with any other involved agencies in the pursuit. If time and equipment allow, a MARNIS patch should be placed in effect between the involved units.

C. When circumstances dictate, the Communications Section supervisor shall switch all vehicles not connected with the pursuit to an alternate channel. This will eliminate excessive radio traffic on the primary channel.

2205.06 **RESPONSIBILITIES**

A. The appropriate Shift Commander shall continually monitor any pursuit situation in his/her jurisdiction or any pursuit that has the potential of going into his/her jurisdiction.

B. The pursuing officer's immediate supervisor shall be responsible for directing, monitoring, evaluating, and terminating the pursuit, as appropriate.

C. The pursuing officer's immediate supervisor shall complete a Supervisory Report of Vehicle Pursuit (USPP Form 132), obtain copies of the incident reports and all other related reports within 24 hours, and submit them to the Commander, Office of Inspectional Services. A photocopy of these documents shall also be sent to the appropriate Division Commander through the appropriate chain of command.

Revised 01/20/97

Vehicular Pursuits (G.O. 2205)
Page 7 of 9

log.

E. If it becomes necessary for a supervisor, Shift Commander, or ranking official to direct an officer to stop a pursuit the officer is involved in, the supervisor shall direct the officer to **TERMINATE** the pursuit. If an officer is directed to terminate a pursuit, or terminates the pursuit on his/her own, the officer shall deactivate all emergency equipment, reduce speed to the posted limit or less, and follow the directions of the supervisor.

F. An officer who initiates and subsequently terminates a pursuit is required to investigate and report the incident in accordance with Force policy.

## FRESH PURSUIT LAWS

The following are statutes that govern entry into each jurisdiction.

A. <u>Maryland</u>

Maryland Code Ann., Article 27, Sections 595-596, provides that a police officer may enter Maryland in fresh pursuit to arrest a person "... on the ground that he is believed to have committed a felony" in the pursuing officer's State (or District of Columbia), and the pursuing officer has the same power to arrest the person and hold him in custody as has a Maryland officer. The arrested person must be taken before a judge where the arrest was made (i.e., a judge of the circuit court of a county or judge of the Criminal Court of Baltimore City) without unnecessary delay for a hearing to determine the lawfulness of the arrest.

B. <u>Virginia</u>

Virginia Code, Title 19, Section 2-79, provides that a police officer of a neighboring jurisdiction may enter Virginia in close pursuit for the purpose of arresting a person "... on the grounds that he has committed a felony" in the pursuing officer's State (or District of Columbia), and the pursuing officer has the same power to arrest that person and hold him/her in custody as has a Virginia officer. The arresting officer is required to take the prisoner(s) without unnecessary delay before a judge of a general district court or a circuit court, of the county or city in which the arrest was made to determine the lawfulness of the arrest.

C. **California**

California Penal Code, Section 852.2 - Any peace officer of another State who enters California in fresh pursuit, and continues within the State in order to arrest the operator on the grounds that he has committed a felony in another State, has the same authority to arrest and hold the person in custody as peace officers of this State have to arrest and hold a person in custody on the grounds that he has committed a felony in this State. The arresting officer shall without unnecessary delay take the person arrested before a magistrate of the county in which the arrest was made, who shall conduct a hearing for the purpose of determining the lawfulness of the arrest.

D. **New York**

Criminal Procedure Law (C.P.L.), Section 140.55 Subsection 2 and 3 - Any peace officer of another State of the United States who enters this State in close pursuit and continues within this State in such close pursuit of a person in order to arrest him shall have the same authority to arrest and hold in custody such person on the grounds that he has committed a crime in another State which is a crime under the laws of the State of New York, as police officers of this State have to arrest and hold in custody a person on the grounds that he has committed a crime in this State -- "... the arresting officer shall without unnecessary delay take the person arrested before a local criminal court which shall conduct a hearing for the sole purpose of determining if the arrest was in accordance with the provisions of subsection two."

When operating an emergency vehicle in a pursuit situation, the primary concern of the police vehicle operator must be for the safety of other motorists and pedestrians, himself/herself, fellow officers, and the violator. Although officers are given a qualified privilege from observing certain traffic regulations while operating an emergency vehicle utilizing emergency equipment during a pursuit, they are not relieved of the responsibility of driving with due regard for the safety of all persons.

Approved by _____
Robert E. Langston, Chief of Police

| | CIRCULAR | NUMBER | SERIES |
|---|---|---|---|
| SUBJECT | | A | 04 |
| | General Order 2205 VEHICULAR PURSUITS | EFFECTIVE DATE February 3, 2004 | |
| | | EXPIRATION DATE None | |

Add the following as Section 2205.04.A.9.f:

f.  If possible, the officer shall give periodic updates on speed and conditions during the pursuit.

Make the following change to Section 2205.06.C:

C.  The pursuing officer's immediate supervisor shall complete a Supervisory Report of Vehicle Pursuit (USPP Form 132), obtain copies of the incident reports and all other related reports, and submit them to the appropriate Station/Unit Commander by the end of the immediate supervisor's tour of duty. The Station/Unit Commander shall then forward the reports through the chain of command to the appropriate Division Commander. After review, the Division Commander shall submit the reports to the Commander, Office of Professional Responsibility.

Approved _____
Benjamin J. Holmes, Jr., Acting Chief of Police

D-US-000026