**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division**

| | |
|---|---|
| **ROLAN GIBSON**<br>6021 Clay Street, NE<br>Washington, D.C. 20019<br><br>and<br><br>**JOHN HAWKINS, JR**<br>9907 Sudan Place<br>Upper Marlboro, Maryland 20772<br><br>       Plaintiffs,<br><br>v.<br><br>**UNITED STATES OF AMERICA, ET AL.**<br><br>       **Defendants.** | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:   Case No.: 06-0551(JMF)<br>:<br>:<br>:<br>: |

## AMENDED COMPLAINT

COMES NOW the plaintiffs, Rolan Gibson and John Hawkins, Jr., by and through counsel, DUBOFF & ASSOCIATES, CHARTERED and Joel DuBoff, Esquire and Donna Williams Rucker, Esquire and seeks judgment against the defendants United States of America, and the District of Columbia, stating for cause as follows:

### JURISDICTION & VENUE

1.      Jurisdiction is proper in this Court under 28 U.S.C. Sections 1346(b); 2671-2680.

2.      The incident complained of herein occurred in the District of Columbia on or about December 8, 2004.

3.      Plaintiffs have given timely notice of their claims to the United States of America and the relevant agencies, pursuant to the Federal Tort Claims Act, 28 USCS Sections 2401, 2671 *et seq.*, receipt of which was acknowledged by the appropriate Federal agency. Both of the

Plaintiff's claims were administratively denied on October 27, 2005 by the relevant Federal agency, rendering the instant action permissible.

4. This action is timely filed as evidenced by the attached correspondence dated October 27, 2005.

5. The plaintiff's have given timely notice of their claims to the District of Columbia Government, pursuant to DC Rule 12-309, receipt of which was acknowledged by the appropriate governmental individual/agency. The District of Columbia Government was also placed on notice of the above claim via the Police Report, created by the District of Columbia Government, by and through the Metropolitan Police Department.

## **FACTS**

6. Plaintiff's hereby incorporate, by reference hereto, paragraphs 1 through 5, inclusive, as if fully set forth herein, and further alleges;

7. Defendant United States of America owned and/or operated a vehicle ("Vehicle 1"), which was driven by an employee of the United States Park Police.

8. On the day in question Vehicle 1, driven by U.S. Park Police Officer Donald Houghton, was proceeding, northbound on 61st Street at the intersection with Clay Street, NE, in Washington, D.C.

9. Defendant District of Columbia Government owned and/or operated a vehicle (Vehicle 2), which was driven by an employee of the Metropolitan Police Department

10. On the day in question Vehicle 2, driven by Metropolitan Police Officer Marvin Watkins, was proceeding westbound on Clay Street at the intersection with 61st Street, NE, in Washington, D.C.

11. Plaintiff Gibson was the driver of a vehicle lawfully stopped, southbound, at a stop sign located at 61st Street at the intersection with Clay Street, NE, in Washington, D.C.

12. Plaintiff Hawkins was a passenger, in the same vehicle as Plaintiff Gibson, which was lawfully stopped, southbound, at a stop sign located at 61st Street at the intersection with Clay Street, NE, in Washington, D.C.

13. Vehicle 1, driven by Donald Houghton, U.S. Park Police, approached and entered the intersection at 61st Street and Clay Street, NE, in Washington, D.C. Vehicle 1 was speeding and went through a traffic control signal at the intersection of 61st Street and Clay Street.

14. Vehicle 2 approached and entered the intersection at 61st Street and Clay Street, NE, in Washington, D.C. with excessive speed and reckless disregard for the vehicles around and/or in this intersection.

15. Vehicle 1 and vehicle 2 collided. Both vehicle 1 and vehicle 2 continued to move with high velocity, due to the great force of the crash and subsequently Vehicle 1 and then Vehicle 2 collided into the innocent Plaintiff's vehicle that was lawfully stopped at the stop sign at 61st Street at the intersection with Clay Street.

16. Plaintiffs' vehicle was knocked off the street due to the sudden and violent impacts of Vehicle 1 and Vehicle 2.

17. The Plaintiffs were injured, transported by ambulance to a hospital, and each required follow-up hospital, medical care and treatment.

## COUNT I
### (Negligence and Gross Negligence)

18. Plaintiff's hereby incorporate, by reference hereto, paragraphs 1 through 17, inclusive, as if fully set forth herein, and further alleges:

19. At all times and places relevant hereto the defendants, by and through their employees/agents, owed the plaintiff the duty to exercise reasonable care in the performance of their respective duties.

20. Vehicle 1 approached and entered the intersection without operating its emergency sirens and/or lights.

21. Vehicle 2 approached and entered the intersection without operating its emergency sirens and/or lights.

22. Defendants' owed the plaintiffs the duty to keep proper look out, to maintain control over their respective vehicles, to obey all traffic control signals/devices, and to obey all laws, rules and regulations then and there in effect in the District of Columbia, and to avoid striking other vehicles lawfully stopped on the roadway, to wit the Plaintiff's vehicle.

23. Defendants, by and through their employees who were acting within the course of and in the scope of their employment, were jointly and severally negligent in causing the automobile crash, which occurred on December 8, 2004, involving a U.S. Park Police vehicle driven by a Park Police Officer and a Metropolitan Police Officer driving a Metropolitan Police Department vehicle.

24. All defendants were negligent, and grossly negligent in their actions, said negligence, and gross negligence being the sole and proximate cause of the Plaintiffs' injuries.

25. Under the theory of *Respondeat Superior*, the defendant United States is responsible for the acts or omissions of their employees, agents, police officers, and/or contractors while acting within the course and scope of their employment, to wit the Park Police and those employed thereby. Therefore this action is brought against the defendant United States of America under said theory.

26. Under the theory of *Respondeat Superior*, the defendant District of Columbia Government is responsible for the acts or omissions of their employees, agents, Metropolitan Police Department officers, and/or contractors while acting within the course and scope of their employment, to wit the Metropolitan Police Department and those employed thereby. Therefore this action is brought against the defendant District of Columbia Government under said theory.

27. As a direct and proximate result of the defendants' negligence, and gross negligence, Plaintiff Gibson suffered, and will continue to suffer severe and painful injuries; has suffered and will continue to suffer physical pain, psychological distress and mental anguish; has suffered a diminishment of his quality of life, all without any negligence on the part of the plaintiff contributing thereto.

28. As a direct and proximate result of the defendants' negligence, and gross negligence, Plaintiff Gibson incurred costs and related expenses for property damage for the required repair and/or replacement of his vehicle.

29. As a direct and proximate result of the defendants' negligence, and gross negligence, Plaintiff Hawkins suffered, and will continue to suffer severe and painful injuries; has suffered and will continue to suffer physical pain, psychological distress and mental anguish; has suffered a diminishment of his quality of life, all without any negligence on the part of the plaintiff contributing thereto.

### COUNT II
**(Negligent Infliction of Emotional Distress)**

30. Plaintiff's hereby incorporate, by reference hereto, paragraphs 1 through 29, inclusive, as if fully set forth herein, and further alleges:

31. The defendants' actions in causing the collision of their respective vehicles and subsequently crashing into the Plaintiffs' vehicle and in fact causing physical harm to the plaintiffs as outlined in the preceding paragraphs, was extreme and outrageous conduct.

32. Defendants, by and through their employees who were acting in the course of and in the scope of their employment, knew or should have known that their actions in approaching and entering the intersection, at an excessive rate of speed, with out operating their emergency lights and sirens would have the probable consequences of causing plaintiff severe emotional distress, pain and suffering.

33. Plaintiffs did in fact suffer severe emotional distress, without the plaintiffs in any way contributing thereto.

WHEREFORE, plaintiff Rolan Gibson demands judgment against defendants jointly and severally, in the fair and just amount of **TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000.00)** plus costs, reasonable attorney's fees, pre and post-judgment interest, punitive damages and that and such other relief as this Honorable Court deems just and appropriate.

WHEREFORE, plaintiff John Hawkins, Jr. demands judgment against defendants jointly and severally, in the fair and just amount of **FIFTY - FIVE THOUSAND DOLLARS ($55,000.00)** plus costs, reasonable attorney's fees, pre and post-judgment interest, punitive damages and that and such other relief as this Honorable Court deems just and appropriate.

Respectfully submitted,

By:   /s/ Joel DuBoff
Joel DuBoff, Esquire  # 01863
Donna Williams Rucker, Esquire # 04180
DUBOFF & ASSOCIATES, CHARTERED
8401 Colesville Road, Suite 501
Silver Spring, Maryland 20910
(301) 495-3131    Office
(301) 587-1872    Facsimile

## JURY DEMAND

Plaintiffs', by and through counsel, demand a trial by jury on all matters set forth herein.

      /s/ Joel DuBoff_____
      Joel DuBoff, Esquire