IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ROLAN GIBSON**, *et al.*, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | Civil No.  06-0551 (JMF) |
| **v.** ) | |
| ) | |
| **DISTRICT OF COLUMBIA**, *et al.*, ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

**DEFENDANT'S OPPOSITION TO DEFENDANT UNITED STATES OF AMERICA'S MOTION FOR SUMMARY JUDGMENT**

The Defendant District of Columbia (the "District"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 56, hereby opposes Defendant United States of America's Motion for Summary Judgment.

*Background of Legal Arguments*

This case arises out of a three-way automobile accident involving a Metropolitan Police Department ("MPD") vehicle occupied by driver Officer Marvin Watkins and passenger Officer Gary Gulich, a United States Park Police ("Park Police") vehicle occupied by Officer Donald Houghton, and the plaintiff's vehicle.  The accident occurred on or about December, 8, 2004, at approximately 3:30 in the afternoon, at the intersection of 61st Street and Clay Street, NE, in the District of Columbia.  (Complaint, ¶ 23.)

On March 22, 2006, the plaintiff filed this action against the District and the United States of America.  On June 28, 2006, the Untied States filed its Answer to the plaintiff's complaint and it's Cross-claim against the District of Columbia alleging that the District's negligence had caused the accident which is the subject of plaintiff's lawsuit.  On August 1,

2007, the District filed its Answer to plaintiff's complaint and its Cross-claim against the United States demanding contribution and or indemnification from the United States in the event that plaintiff obtains a judgment against the District.  On May 25, 2007, the District filed it's Motion for Judgment on the Pleadings or for Summary Judgment arguing that the District was entitled to judgment as a matter of law because the plaintiff had not alleged and could not show that the District's alleged actions rose to the level of *gross negligence* as required by D.C. Code § 2-412 (2001).

The United States now moves this Court to grant summary judgment in its favor arguing, among other things, that the alleged "negligence" of the District of Columbia constituted a superseding cause of the plaintiff's alleged injuries; that the District is not entitled to indemnification or contribution from the United States; and that the United States is entitled to contribution/indemnification from the District.

*Argument*

**1.    THE DISTRICT'S ACTIONS DID NOT CONSTITUTE A SUPERSEDING CAUSE OF THE PLAINTIFF'S INJURIES.**

In its Motion for Summary Judgment, the United States argues that the District's "negligence" constituted a superseding cause of the plaintiff's alleged injuries because such negligence "was so unforeseeable that the [United States'] negligent conduct, though still a substantial causative factor, should not result in the [United State's] liability" ((United States' Motion for Summary Judgment, citing to Restatement (Second) of Torts § 440, Docket Entry No. 34.)).

However, the District of Columbia is not subject to a negligence standard in cases such as the one at bar but rather to a *gross negligence* standard (See D.C. Code § 2-412 and the District's

Motion for Judgment on the Pleadings or for Summary Judgment - Docket Entry No. 35.) The United States has never alleged that the District of Columbia's actions constituted gross negligence and is unable to put forth facts that would demonstrate gross negligence on the part of the District. Therefore, the United State's reliance on this legal doctrine is misplaced.

Notwithstanding that fact, even if a negligence standard of care applied to the District's actions, the United States has failed to set forth facts in its Motion for Summary Judgment that demonstrate that there is no genuine issue as to any material fact before the Court.

The record in this matter is undisputed as to the fact that moments before the accident that gave rise to this cause of action occurred, a call for "shots fired" was broadcasted over both MPD and Park Police radio channels. (The District's Motion for Summary Judgment and the United State's Motion for Summary Judgment, "Docket Entries 34 and 35.") Further, both MPD officers and Park Police Officer Houghton have stated that they had their emergency lights activated prior to the accident. (Docket Entries 34 and 35.)

Therefore, the United States' assertion that it was somehow unforeseeable that another law enforcement vehicle may enter the intersection where the accident occurred during this period of extreme exigency is simply not credible and certainly is insufficient to show that there are no genuine issues of material fact with regard to causation. Indeed, Park Police Officer Houghton testified that he entered the intersection traveling approximately 30 miles per hour with his emergency lights activated while attempting to respond to a dangerous felony situation (Docket Entry 34.). Both MPD officers have testified that they entered the intersection while traveling no more than 10 miles per hour with emergency lights activated while attempting to respond to a dangerous felony situation. (Docket Entry 35.). The United States is asking the

Court to deem the actions of the MPD officers "unforeseeable" while at the same time admitting that Park Police officer Houghton acted in almost precisely the same manor.

The United States then argues (without supporting testimony by Officer Houghton) that the MPD officer's alleged noncompliance with MPD General Order 301.03 constituted unforeseeable negligence and therefore was a superseding cause of the plaintiff's alleged injuries.  However, it is well established that, while evidence that the police violated a general order can be a factor that the jury may consider at trial, liability only attaches if the MPD officers were *grossly negligent* with reference to a national standard of care.  MPD General Order 301.01 does not set a national standard of care in cases such as the one now before the Court.  *District of Columbia v. Walker*, 689 A.2d 40, 47 (D.C.,1997).  *See also District of Columbia v. Banks,* 646 A.2d 972, 983 (D.C.1994) (Farrell, J., concurring) (arguing that violation of General Order 301.3 in police pursuit could be considered by jury as one factor in deciding gross negligence issue, but could not in itself "support a finding of negligence, let alone gross negligence").

The United States, therefore, has failed to establish that the District's involvement in the accident that gave rise to this lawsuit could legally constitute a superseding cause of the plaintiff's injuries, and the Court should reject this argument.

Moreover, there exist disputed facts as to whether the District's actions constitute the superseding cause of plaintiff's injuries.  Here, contrary to the United States' arguments, the facts are in dispute as to whether the District's MPD cruiser independently and proximately caused the plaintiffs' injuries. The evidence reveals that both MPD and Park Police vehicles collided with one another in the intersection at the same time prior to both vehicles individually striking plaintiffs' car.  In addition, Park Police Officer Houghton testified that, as he drove his vehicle at approximately 30 miles per hour, he steered his vehicle to the right, to avoid hitting the

District's vehicle, which was one of several factors that caused him to hit the plaintiffs' vehicle. Therefore, it is in dispute whether the District was a superseding cause of plaintiffs' injuries.

### 2. THE APPLICATION OF THE DOCTRINES OF CONTRIBUTION OR INDEMNIFICATION REQUIRES A FACTUAL DETERMINATION.

The United States then argues that the District is not entitled to indemnification or contribution from the United States because "[i]demnification is restricted to those situations where equity supports holding one party totally responsible for [the harm to the plaintiff]"… and, alternatively, "[c]ontribution is available in situations involving joint-tortfeasors…" The United States reasons that because "there is no basis to conclude that the United States is totally responsible for the injuries in this case," indemnification should not be available to the District. Alternatively, the United States argues that the District is foreclosed from contribution from the United States as a joint-tortfeasor, because "they cannot establish that the United States acted negligently."

As demonstrated in the District's Motion for Summary Judgment, the District's actions regarding the accident that gave rise to this cause of action are properly evaluated under a *gross negligence* standard, and therefore, the District is entitled to judgment as a matter of law, which makes any allocation of liability, whether under the doctrine of indemnification or contribution, inappropriate. However, if the Court was to reject the arguments contained in the District's motion, the District may be entitled to indemnification or contribution depending on the findings of the jury.

The record in this case is undisputed that both police vehicle struck the plaintiff's car after entering the intersection at 61st and Clay Street. Further, Park Police Officer Houghton

testified that he entered the intersection traveling approximately 30 miles per hour prior to the accident. These facts obviously demonstrate that the actions of the Park Police present a genuine issue of material fact. Clearly, if the United States were to be attributed 100% of the liability in this matter, the District would be entitled to indemnification. Similarly, if the United States were to be attributed a greater percentage of liability than the District, the District would be entitled to contribution. However, as demonstrated above, the United States cannot show as a matter of law that it is not liable. Therefore, any allocation of liability prior to trial would be premature and the Court should reject the United States' argument.

### 3. THE UNITED STATES IS NOT ENTITLED TO CONTRIBUTION OR INDEMNIFICATION

Finally, the United States argues that that it is entitled to contribution/indemnification from the District. As demonstrated above, the United States is not entitled to contribution/indemnification because the District's actions during the accident that gave rise to this lawsuit did not constitute gross negligence, and therefore, the District is not liable to the plaintiff or the United States. Alternatively, as demonstrated above, the United States cannot show as a matter of law that it is not liable. Therefore, any allocation of liability prior to trial would be premature, and the Court should reject the United States' argument.

WHEREFORE, the District of Columbia, for all of the reasons described above, respectfully requests that this Court deny the United States' Motion for Summary Judgment against the District.

    Respectfully submitted,
    LINDA SINGER
    Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General,
Civil Litigation Division


_____/s/_____
PHILLIP A. LATTIMORE, III [422968]
Chief, General Litigation Sec. III


_____/s/_____
JAMES H. VRICOS [474026]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
202) 724-6600
(202) 727-3625 (fax)
E-mail: James.Vricos@dc.gov