IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **ROLAND GIBSON, et al.,** | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No. 06-0551 (JMF) |
| **THE UNITED STATES OF AMERICA, et al.,** | ) ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANT THE UNITED STATES' RESPONSE TO THE DISTRICT OF COLUMBIA'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Pursuant to LCvR 56.1 and 7(h), Defendant, the United States of America, respectfully submits its response to the District of Columbia's Statement of Undisputed Material Facts in Support of Its Motion for Summary Judgment.

1. Defendant does not dispute this statement of fact.

2. Defendant does not dispute this statement of fact.

3. Defendant does not dispute this statement of fact.

4. Defendant disputes this statement. When asked whether there were any civilians who could have been "standing around at the time the accident occurred," Officer Gary Gulich testified that "[t]here certainly could have been." Ex. A, Deposition of Officer Gary Gulich, ("Gulich Dep.") at 58. Furthermore, Officer Gulich specifically testified that they knew that "there were units all in [the] general area . . . ." Id. at 55.

5. Defendant disputes that the Metropolitan Police Department ("MPD") officers were legitimately "assisting" the Park Police with their vehicular pursuit. Pursuant to MPD

General Order 301.03, the MPD is prohibited from participating in any way in a pursuit that initiates in another jurisdiction. See MPD General Order 301.03, at 11, § VI, C. 2 (attached as Exhibit 8 to the United States' Motion for Summary Judgment ("MSJ")). Furthermore, the officers' supervisor testified that she explicitly told them not to get involved in the Park Police pursuit. Ex. B, Deposition of Sergeant Felicia Wade ("Wade Dep.") at 44, 48. Sergeant Wade also testified that the officers cannot "assist" by actively pursuing the suspect or by activating the police lights and sirens on their vehicle. Id. at 48.

  6. Defendant disputes that a call for "shots fired" went out "moments prior to the accident." According to the Park Police Report, the "shots fired" call was made at approximately 1520 hours. See United States' MSJ, Ex. 2, at 0007. This was less than a minute prior to when the collision occurred between Officer Houghton and the MPD Officers. Id. at 00001, 00009.

  7. Defendant disputes this statement of fact. At the time the "shots fired" announcement, the MPD officers were already in route to the scene of the black jeep. See Ex. C, Deposition of Officer Marvin Watkins, at 79 ("Watkins' Dep."). The "shots fired" call was announced less than "10 to 30 seconds" prior to collision with the Park Police vehicle. See United States' MSJ, Ex. 1, at 60; Ex. 2, at 00001. Furthermore, Officer Watkins testified that despite the "shots fired" announcement, he continued to travel at the legal posted speed limit. See Ex. C, 52-53; see also Ex. A, at 53. Thus, the officers in no way altered the course of behavior they were already engaged in upon hearing the "shots fired" announcement.

  8. Defendant does not dispute this statement of fact.

  9. Defendant disputes this statement of fact. Officer Houghton did not enter the intersection of 61st & Clay Street traveling between 30 and 50 miles per hour. Rather, Officer

Houghton testified that he had been traveling 30 to 50 miles per hour as he was <u>approaching</u> the intersection and approximately 20 yards prior to entering the intersection, he applied his brakes, slowing down to approximately 30 miles per hour.  Deposition of Officer Houghton, at 23, 29 ("Hougton Dep.") (attached as Ex. 1 to the United States' MSJ).

       10.     Defendant does not dispute this statement of fact.

       11.     Defendant does not dispute this statement of fact.

       12.     Defendant does not dispute this statement of fact.

       13.     Defendant does not dispute this statement of fact.  Defendant notes that it was the impact of the MPD cruiser hitting the Park Police vehicle that caused both the MPD and Park Police vehicles to collide with the Plaintiffs' vehicle.  United States' MSJ, Ex. 1, at 21, 25.

       14.     Defendant does not dispute this statement of fact.  However, Defendant notes that the Complaint also alleges that the MPD vehicle was being operated "with excessive speed and reckless disregard for the vehicles around and/or in th[e] intersection."  Compl. ¶ 14.

       15.     Defendant does not dispute this statement of fact.  However, Defendant notes that the Complaint also alleges that the MPD vehicle was being operated "with excessive speed and reckless disregard for the vehicles around and/or in th[e] intersection."  Compl. ¶ 14.

       16.     Defendant disputes this statement of fact.  The Complaint alleges that the MPD vehicle was being operated "with excessive speed and reckless disregard for the vehicles around and/or in th[e] intersection[,]" which can support a finding of gross negligence.  Compl. ¶ 14.  Furthermore, this fact is not material as the Court granted Plaintiffs' motion to amend their complaint to allege gross negligence.  [Minute Order dated June 28, 2007, Docket Entry No. 38].

Respectfully submitted,

   /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

   /s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

   /s/ Michelle N. Johnson
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139

COUNSEL FOR DEFENDANT


Of Counsel:

Perri Rothemich
United States Department of the Interior
Office of the Solicitor
1849 C Street, N.W.
MS 7308
Washington, DC 20240