## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____<br><br>**ROLAND GIBSON, et al.,**<br><br>    Plaintiffs,<br><br>        v.<br><br>**THE UNITED STATES OF AMERICA, et al.,**<br><br>    Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 06-0551 (JMF)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT'S REPLY IN FURTHER SUPPORT OF
## ITS MOTION FOR SUMMARY JUDGMENT

Defendant, the United States of America ("Defendant"), hereby submits its reply brief in further support of its motion for summary judgment.

Neither the Plaintiffs' nor the District of Columbia's oppositions to Defendant's motion for summary judgment justify the denial of Defendant's motion. Notably, neither Plaintiffs nor the District of Columbia have adequately opposed Defendant's motion by submitting a proper response to Defendant's statement of material facts not in dispute. Accordingly, Defendant's statement of submitted facts should be deemed conceded. See LCvR 7(h); 56.1. And, in any event, neither party has submitted any evidence that would support a finding that Defendant was negligent. Furthermore, summary judgment on count II is warranted because Plaintiffs fail to address at all Defendant's argument that they cannot establish a claim of negligent infliction of emotional distress. Accordingly, summary judgment is warranted in favor of the United States.

## I.    Defendant's Statement of Material Facts Should be Deemed Admitted.

Pursuant to Local Civil Rules 7(h) and 56.1:

> Every motion for summary judgment shall be accompanied by a
> statement of material facts as to which the moving party contends there
> is no genuine issue, which shall include references to the parts of the
> record relied on to support the statement.  An opposition to such a motion
> shall be accompanied by a separate concise statement of genuine issues
> setting forth all material facts as to which it is contended there exists a
> genuine issue necessary to be litigated, which shall include references to the
> parts of the record relied on to support the statement. . . . In determining a
> motion for summary judgment, the court may assume that facts identified
> by the moving party in its statement of material facts are admitted, unless
> such fact is controverted in the statement of genuine issues filed in opposition
> to the motion.

LCvR 7(h); see also LCVR 56.1 (emphasis added).

In this case, the District of Columbia has wholly failed to provide any statement of

material facts in conjunction with its opposition.  Accordingly, all of the facts set forth in the

United States' motion should be deemed admitted as they pertain to the District of Columbia.

See, e.g., Hunter v. Rice, 480 F. Supp. 2d 125, 130 (D.D.C. 2007) (holding that in light of

party's failure to comply with the court's local rules regarding opposing a motion for summary

judgment, defendant's statement of material facts would be deemed admitted).

As for Plaintiffs, while providing a "Statement of Material Facts in Dispute in Support of

their Opposition to Defendant United States of America's Motion for Summary Judgment"

("Pls.' Stmt."), they fail to specifically identify, with reference to the Defendant's specific facts,

the facts they contend are in dispute.  Rather, they have in essence just provided their own

statement of material facts in dispute.  And, in doing so, they fail to dispute many of the specific

facts set forth in Defendant's statement of material facts not in dispute.  For example, Plaintiffs

nowhere specifically dispute the specific statement of material fact that neither Plaintiff knew for

sure whether Officer Houghton had his lights and sirens activated at the time of the accident.

See Defendant's Statement of Material Facts as to Which There is no Genuine Issue ("Def.'s

Stmt.") ¶¶ 21, 25.  Nor do they address Defendant's statement that neither Plaintiff saw Officer

Houghton's vehicle prior to the time it entered the intersection.  Id. ¶¶ 20, 23.  Therefore, these

facts should be deemed admitted.  Cavanagh v. United States Dep't of State, No. Civ.A. 01-

1087, 2006 WL 3147674, at *3 (D.D.C. Sept. 29, 2006) (noting that court may "deem as

admitted the moving party's facts that are uncontroverted by the nonmoving party's Rule [LCvR

7(h)] statement.") (citation and internal quotation marks omitted).  See also Securities Exchange

Comm'n v. Banner Fund Int'l, 211 F.3 602, 626 (D.C. Cir. 2002) (holding that "district court

was . . . fully justified in treating as admitted the [movant's] statement of material facts[,]" where

although non-moving filed a response and affidavit, "neither pointed to specific parts of the

record controverting the [movant's] lengthy statement of undisputed facts.").[1]

## II.     Plaintiffs Have Failed to Oppose Defendant's Argument in Support of Summary Judgment on their Claim for Negligent Infliction of Emotional Distress.

At no point in their opposition do Plaintiffs address Defendant's argument that they

cannot, as a matter of law, establish their claim for negligent infliction of emotional distress.

They have effectively conceded this argument and summary judgment in favor of the United

States should be granted on this count.  See LCvR 7(b) (noting that failure to file a memorandum

opposing a motion permits the court to "treat the motion as conceded.").  See also Hopkins v.

Women's Div., General Bd. of Global Ministries, 238 F. Supp.2d 174, 178 (D.D.C. 2002) ("It is

well understood in this Circuit that when a plaintiff files an opposition to a motion to dismiss

addressing only certain arguments raised by the defendant, a court may treat those arguments

that the plaintiff failed to address as conceded.") (citing FDIC v. Bender, 127 F.3d 58, 67-68

---

[1]On this point, it is worth noting that for certain of their facts, Plaintiffs fail to designate the specific portion of the testimony to which they refer.  See, e.g., Pls.' Stmt. ¶¶ 8, 9, 13.

(D.C. Cir. 1997)); see also United States v. Real Prop., Parcel No.03179-005R, Civ. A. No. 01-

0706, 2003 WL 224053382 at *12 (D.D.C. Oct. 21, 2003); Bancoult v. McNamara, 227 F.

Supp.2d 144, 149 (D.D.C. 2002).  Notably, by failing to address this argument, Plaintiffs fail to

point the Court to any testimony or other evidence that might salvage their deficient claim.

Accordingly, count II of Plaintiffs' complaint, wherein they allege a claim for negligent

infliction of emotional distress, should be dismissed and summary judgment entered in favor of

the United States.

**III.    Neither Plaintiffs Nor the District of Columbia Have Submitted Evidence that Officer Houghton's Negligence Caused the Accident.**

While pointing to various inconsistencies in the evidence in the hope that they can

manufacture a genuine issue of material fact, neither Plaintiffs nor the District of Columbia can

point to any evidence that Officer Houghton was negligent in his operation of his vehicle on

December 8, 2004.  The Court is therefore not precluded from granting the United States' motion

for summary judgment.

**A.    There is no Evidence that Officer Houghton Violated the Applicable Standard of Care.**

Although Plaintiffs and the District of Columbia provide little to no discussion of the

issue, to establish that the United States was negligent, they must show that there was a duty of

care owed by the defendant to the plaintiff; there was a breach of that duty, and the plaintiff

suffered damages caused by the breach.  Taylor v. District of Columbia, 776 A.2d 1208, 1214

(D.C. Cir. 2001).  The District of Columbia Circuit has held that "[t]he standard of care to which

the United States must be held where it seeks to apply the standard of care of D.C. Metropolitan

Police officers, is that of due care, or negligence, as set forth in District of Columbia regulations

. . . ." <u>Hetzel v. United States</u>, 43 F.3d 1500, 1505 (D.C. Cir. 1995). The applicable regulation is found at D.C.M.R. section 18-2002, which permits "an authorized emergency vehicle" to "[p]roceed past a . . . stop sign . . . after slowing down as may be necessary for safe operation[,]" as well as "[e]xceed the *prima facie* speed limit, so long as it does not endanger life or property . . . ." This exception applies "only when the driver of the vehicle while in motion sounds an audible signal . . . as may be reasonably necessary . . . ." <u>Id.</u> § 2002.3. In this case, Officer Houghton testified that he (1) proceeded past the stop sign only after slowing down to ensure that the intersection was clear; and (2) was operating his lights and sirens. Defendant's Motion for Summary Judgment ("Def.'s MSJ"), Ex. 1, at 14, 22-23, 29.

Plaintiffs contend that Officer Houghton violated the standard of care because he was not operating his emergency lights and sirens.[2] However, there is no competent evidence that rebuts Officer Houghton's testimony that he was operating his lights and sirens at the time he was participating in the Park Police pursuit of the black jeep.[3] Plaintiffs do not specifically dispute

---

[2]Plaintiffs refer to 18 D.C.M.R. section 2210.1 for the definition of the term "authorized emergency vehicle." Yet this provision does not provide the definition Plaintiffs seek. Rather, the provision provides that "[u]pon the immediate approach of an authorized emergency vehicle making use of audible and visual signal meeting the requirements of this title . . . the driver of every other vehicle shall yield the right-of-way and shall immediately drive to a position parallel to, and as close as possible to, the right-hand edge or curb of the roadway, clear of any intersection, and shall stop and remain in such position until the authorized emergency vehicle has passed . . . ."

[3]Plaintiffs state that "Officer Houghton was never actually involved in the pursuit. Throughout his deposition he clearly states that he was attempting to get to the area of the pursuit." Plaintiffs' Opposition to Defendant United States of America's Motion for Summary Judgment ("Pls.' Opp'n") at 11. Yet, Officer Houghton clearly testified that he was at the Park Police District I station when he heard about the stolen jeep that had been involved in an assault on a police officer. Def.'s MSJ, Ex. 1, at 12-13. Officer Houghton received his supervisor's approval to respond to the call, and was in the process of responding to the call when the accident at issue occurred. <u>Id.</u> at 13-14, 44. Thus, to the extent Plaintiffs suggest that Officer

5

that they both testified that they were unsure whether Officer Houghton had his lights and sirens activated.  Def.'s Stmt. ¶¶ 21, 25.  <u>See also</u> Def.'s MSJ, Ex. 5, at 18 (Plaintiff Hawkins testified that he was uncertain whether Officer Houghton has his vehicle's lights and sirens activated); Def.'s MSJ, Ex. 4, at 103-04 (same as to Plaintiff Gibson).  Indeed, despite their contention that "it is clear that the Park Police cruiser was not operating the emergency lights on his vehicle or its siren . . ." Plaintiffs fail to point the Court to any competent testimony that directly refutes Officer Houghton's testimony that he did in fact have his lights and sirens activated.  Thus, Plaintiffs have failed to create a genuine issue of material fact on this issue.

In addition, there is nothing to rebut Officer Houghton's testimony that he slowed down prior to entering the intersection to ensure that it was clear before entering.  Both Plaintiffs testified that they were looking in the direction of gunshots immediately prior to the accident and did not see Officer Houghton's car prior to the time they were hit by the MPD cruiser.  Def.'s MSJ, Ex. 4, at 19-20, 27; Ex. 5, 12-13.  Officer Gulich clearly testified that he and Officer Watkins may have "rolled through" the intersection.  Defendant's Opposition to the District of Columbia's Motion for Judgment on the Pleadings or for Summary Judgment ("Def.'s Opp'n"), Ex. A, at 50.  Therefore, once again, there is no competent evidence that refutes Officer Houghton's testimony on this point, and summary judgment in favor of the United States is warranted as neither Plaintiffs nor the District of Columbia can establish that Officer Houghton acted negligently.

---

Houghton was not responding to an emergency Park Police situation, they do so without any legitimate basis.

**B.      The District of Columbia Was the Superceding Cause of Plaintiffs' Injuries.**

In its opposition, the District of Columbia contends that it cannot be held liable to the

Plaintiffs for several reasons.  First, the District contends that it is not subject to a negligence

standard because pursuant to D.C. Code section 2-412, it must be held to a gross negligence

standard.  However, as thoroughly discussed in the United States' opposition to the District's

motion for judgment on the pleadings or, in the alternative, for summary judgment, the gross

negligence standard is not applicable in cases, such as this one, where MPD officers were not on

a legitimate emergency run.  See Def.'s Opp'n, at 5-8.

Second, the District contends that it cannot be found to be the superceding cause of

Plaintiffs' injuries because it was not "unforeseeable that another law enforcement vehicle

[could] enter the intersection where the accident occurred during this period of extreme exigency

. . . ."  The District of Columbia's Opposition to Defendant United States of America's Motion

for Summary Judgment ("DC Opp'n") at 3.  However, the District's argument misconstrues the

United States' argument.  While it may have been foreseeable "that another law enforcement

vehicle may enter the intersection where the accident occurred . . .[,]" it was not foreseeable that

such a law enforcement vehicle would enter the intersection without stopping or slowing down

and without any regard to the safety of other vehicles that it would know would be in the area.

Further, it was not foreseeable that by doing so, the MPD cruiser would collide with Officer

Houghton's cruiser, causing Officer Houghton's cruiser to collide with the Plaintiffs' vehicle and

continue traveling onto the front yard of a residential home.  See, e.g., Sanders v. Wright, 642

A.2d 847, 849 (D.C. 1994) ("A third party's negligence is a superseding cause of harm 'where

the original actor should not have anticipated that act.'") (citations omitted).

7

In contrast to Officer Gulich's testimony that he and Officer Watkins may have "rolled through" the intersection, see Def.'s Opp'n, Ex. A, at 50, Officer Houghton testified that he slowed down prior to entering the intersection and looked both left and right before entering the intersection. Def.'s MSJ, Ex. 1, at 21, 23. While Officer Houghton was in compliance with the applicable regulations and Park Police General Order requiring that he slow down prior to entering the intersection, see D.C.M.R. § 18-2002.1; Def.'s MSJ, Ex. 9 (Park Police General Order No. 3071) ("[A]n officer shall stop or reduce speed, as circumstances dictate . . . ."), Officers Gulich and Watkins clearly violated the applicable MPD General Order. Def.'s MSJ, Ex. 8, at 4, § V D.2 (MPD General Order providing that when approaching an intersection controlled by a stop sign, "the operator of the vehicle shall stop before entering the intersection.") (emphasis added).[4]

Here, Officer Houghton testified that he slowed when approaching the intersection at 61st & Clay Streets; he looked to his left and right and saw Plaintiffs' vehicle appearing to come to a stop. Def.'s MSJ, Ex. 1, at 21, 28. Because it appeared that the intersection was clear, Officer Houghton proceeded to enter. Id. at 28-29. It was only after entering the intersection that Officer Houghton first saw the MPD vehicle coming directly toward him at a high rate of speed. Clearly, Officer Houghton was entitled to expect that the MPD vehicle would exercise, at

_____

[4]To the extent that Plaintiffs cite to MPD's general order in arguing that Officer Houghton did not adhere to the standard of care in failing to come to a complete stop at the stop sign, Pl.'s Opp'n at 12, this general order is, by its terms, only applicable to members of the MPD and has no applicability to the actions of the Park Police. See Def.'s MSJ, Ex. 8 (MPD General Order 301.03) (describing MPD policies applicable to MPD vehicles).

8

a minimum, the same standard of care that he exercised.[5]

## IV.    The District of Columbia Must Indemnify or Contribute to any Judgment against the United States.

The District contends that the issue of whether it should have to indemnify the United

States, or contribute to any judgment that might be entered in Plaintiffs' favor, requires a factual

determination.  DC Opp'n, at 5.[6]  According to the District, whether Officer Houghton acted

negligently is a material issue of fact because of Officer Houghton's testimony "that he entered

the intersection traveling approximately 30 miles per hour prior to the accident[,]" and the fact

that Officer Houghton's vehicle also struck the Plaintiff's vehicle.  Id. at 5-6.  Yet, the mere fact

that Officer Houghton entered the intersection traveling approximately thirty miles per hour does

not establish that he was negligent.  Per the applicable Park Police policy and District of

Columbia Municipal regulations, Officer Houghton did all that he was required to do – "slow

down enough to see that the intersection is safe . . . ."  Def.'s MSJ, Ex. 1, at 24.  The District

cannot point to any standard that Officer Houghton violated with his actions.  Furthermore, the

evidence (both visual and documentary) establishes that Officer Houghton's car collided with

Plaintiffs' vehicle as a result of the MPD vehicle hitting Officer Houghton's vehicle.  Id. at 30;

---

[5]The District attempts to fabricate an issue of fact concerning whether Officer Houghton's testimony that he attempted to turn his vehicle to the right might support a finding that Officer Houghton was negligent and caused the injury to Plaintiffs' vehicle.  DC Opp'n at 5. This attempt fails.  Officer Houghton clearly testified that when he attempted to turn his wheel, he "couldn't turn too much because . . . there was a telephone pole here.  There wasn't really anywhere for me to go."  Def.'s MSJ, Ex. 1, at 26.  This testimony does not support the District's speculative belief that Officer Houghton's turn of his wheel could have been the proximate cause of the accident.

[6]The District also contends, again, that it is subject to a gross negligence standard. Defendant has already addressed this argument, see supra, at 6, and will not repeat that argument here.

Def.'s MSJ, Ex. 6.

On the other hand, however, there is ample evidence that the MPD officers involved in this case disregarded the orders of their supervisor and their General Orders in responding to the Park Police's pursuit. Furthermore, Officer Gulich clearly testified that he and Officer Watkins may have "rolled through" the intersection without stopping to ensure that the intersection was safe to enter. This evidence supports the United States being indemnified by the District in the event there is a judgment against the United States. At a minimum, the District must contribute to any judgment.[7]

## V.    **CONCLUSION**

_____ For the reasons set forth above, and in the United States' motion for summary judgment, summary judgment in favor of the United States is warranted. Alternatively, the Court should determine that, as a matter of law, the United States is entitled to indemnification or contribution from the District of Columbia.

Respectfully submitted,

   /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


   /s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

_____

[7]The District contends that "if the United States were to be attributed a greater percentage of liability than the District, the District would be entitled to contribution." DC Opp'n at 6. However, because the District of Columbia does not recognize comparative negligence, it is not apparent how such a scenario is plausible. See, e.g., District of Columbia v. Washington Hosp. Ctr., 722 A.2d 332, 336 & n.3 (D.C. 1998) ("[T]his jurisdiction does not recognize comparative negligence, and contribution among joint tortfeasor is pro rata.").

                                    /s/ Michelle N. Johnson
                                    MICHELLE N. JOHNSON, D.C. BAR # 491910
                                    Assistant United States Attorney
                                    United States Attorney's Office
                                    Civil Division
                                    555 4th Street, N.W. – Room E4212
                                    Washington, D.C. 20530
                                    (202) 514-7139


                                    COUNSEL FOR DEFENDANT


Of Counsel:

Perri Rothemich
United States Department of the Interior
Office of the Solicitor
1849 C Street, N.W.
MS 7308
Washington, DC 20240