IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN HAWKINS, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, et al., )<br>)<br>Defendants. )<br>) | Civil Action No. 06-0551 (JMF) |

**STIPULATION OF SETTLEMENT AND DISMISSAL OF
FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677**

It is hereby stipulated by and between the undersigned Plaintiff John Hawkins, Jr. (meaning any person, other than the defendant, signing this agreement, whether or not a party to this civil action), and the United States of America, which includes the United States Department of the Interior and the United States Park Police, its trustees, officers, employees and agents, by and through their respective attorneys, as follows:

1. **Agreement to Settle.** The parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the incident that gave rise to the above-captioned action ("Incident") in accordance with the terms and conditions set forth in this Settlement Agreement.

2. **Payment by Defendant.** The United States of America agrees to pay the sum of Three Thousand Dollars ($3,000.00), which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature,

arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof, resulting, and to result, from the subject matter of this settlement, including any claims for wrongful death, for which Plaintiff or his guardians, heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America, its agents, servants, and employees. It is also understood by and among the parties that pursuant to Title 28, United States Code, Section 2678, attorney's fees for services rendered in connection with this action shall not exceed 25 per centum of the amount of the compromise settlement.

3. <u>Payment Terms</u>. The sum specified in paragraph 2 shall be payable to John Hawkins, Jr. and Joel DuBoff, DuBoff & Associates, Chartered, 8401 Colesville Road, Suite 501, Silver Spring, MD 20910. Mr. DuBoff is the attorney of record for Mr. Hawkins. Payment shall be made as promptly as practicable consistent with the normal processing procedures of Defendant. Upon the Court's signing and entry of this Stipulation of Settlement and Dismissal, Defendant's counsel shall promptly prepare and submit all required documentation for processing of this payment, and Plaintiff and Plaintiff's counsel shall cooperate with Defendant's counsel to insure that such documentation is complete and accurate.

4. <u>Tax Liability</u>. Plaintiff understands that if there are any tax consequences as a result of this payment he will assume full responsibility for such consequences.

5. <u>Waiver and Release</u>. Plaintiff and his guardians, heirs, executors, administrators or assigns hereby agree to accept the sums set forth in this Stipulation of Settlement and Dismissal in full settlement and satisfaction of any and all claims, demands, rights, and causes

of action of whatsoever kind and nature, including claims for wrongful death, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof which they may have or hereafter acquire against the United States of America, its agents, servants and employees on account of the same subject matter that gave rise to the above-captioned action, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether for compensatory or exemplary damages. Plaintiff and his guardians, heirs, executors, administrators or assigns further agree to reimburse, indemnify and hold harmless the United States of America, its agents, servants, and employees from and against any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by Plaintiff or his guardians, heirs, executors, administrators or assigns against any third party or against the United States, including claims for wrongful death.

6. <u>No Admission</u>. This Stipulation of Settlement and Dismissal is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to the Plaintiff. This settlement is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

7. <u>No Costs</u>. It is also agreed, by and among the parties, that the respective parties will each bear their own costs, fees, and expenses and that any attorney's fees owed by the Plaintiff will be paid out of the settlement amount and not in addition thereto.

8. <u>Binding Effect.</u> The persons signing this Stipulation of Settlement and Dismissal warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement.

9. <u>Complete Agreement.</u> This Stipulation of Settlement and Dismissal sets forth the full and complete agreement of the Parties with regard to the resolution of Plaintiff's claims arising from or by reason of the Incident. There are no additional obligations, either oral or written, to be performed by any party beyond those set forth herein.

10. <u>Dismissal with Prejudice.</u> This Stipulation of Settlement and Dismissal shall constitute a dismissal of this action with prejudice, except that the Court shall have jurisdiction to enforce the terms hereof, with each party to bear its own costs and attorneys fees.

11. <u>Disclosure.</u> The parties agree that this Stipulation of Settlement and Dismissal, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and the plaintiff expressly consents to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

IN WITNESS WHEREOF, the Parties hereto, intending to be bound, have stipulated and agreed to the foregoing.

Executed this 27th day of August, 2007.

_____
Mr. John Hawkins, Jr.
Plaintiff

_____
Mr. Joel DuBoff
DuBoff & Associates, Chartered
8401 Colesville Road, Suite 501
Silver Spring, MD 20910
(301) 495-3131
**Attorneys for Plaintiff**

_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

_____
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139

Of Counsel:
Perri Rothemich.
United States Department of the Interior
Office of the Solicitor

IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

Date: _____